CASE 8—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S INTESTATE.—OCTOBER 23.

# Setter's Admr. v. City of Maysville.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—NEGLIGENCE—OBSTRUCTION OF STREET—STREET RAILROAD—INJURIES TO PEDESTRIANS—PROXIMATE CAUSE.

Held: 1. Plaintiff alleged that defendant, city, permitted one of its streets to become obstructed on its north side by debris, etc., leaving only a narrow path between the obstruction and the tracks of a street railway, and permitted undergrowth, bushes, etc., to remain in the street, which obstructed the vision of pedestrians on that side, and that by reason thereof plaintiff's intestate, while walking along such path, was struck by a car and killed. Plaintiff further alleged that the collision occurred in the day time, and that the motorman in charge of the car by the exercise of ordinary care could have discovered intestate's peril in time to avoid striking her. HELD, that the negligence of the city in permitting the street to be obstructed was not the proximate cause of the accident.

A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

Appellant's intestate, in July 1900, while on her way from a grocery store on Second street in the city of Maysville, intending to go to a coal yard on the same side of Second street and thence home, was confronted near the place of her injury by a trolley pole, piles of brick, stone, wood and other debris, undergrowth, weeds and bushes on one side, while on the other side was the road bed and track of the Maysville street railway company. In order to avoid walking on the railway track, which was of higher grade than the rest of the street,

Setter's Admr. v. City of Maysville.

she was forced to enter upon a narrow path on said street used by the public which extended about one hundred feet beyond said obstructions. While thus lawfully on said pathway, and in the exercise of ordinary care, she was, without fault on her part, struck by the projecting step of the street car and killed. These facts are all set out in plaintiff's petition and amended petitions to which a demurrer was sustained by the court and the petition dismissed, from which this appeal is prosecuted.

The question then, is, whether the petition and amendments thereto, state facts sufficient to constitute a cause of action against the city of Maysville.

It is admitted under the allegations of the petition that Second street, where deceased was killed, was one of the streets of the city in public use, and that, because of the piles of lumber, brick and other debris, together with the undergrowth and bushes, deceased was *forced* into the narrow path used by the traveling public at that point, and that the roadbed of the street railway was in such close proximity to said obstructions as to leave only a narrow path to pedestrians walking on the north side of the street; that said street was not of an equal grade at the place of the injury, and for that reason pedestrians were *compelled* to use the pathway.

1. We contend that the city was bound to see that the highway was safe and convenient for travel thereon in the light of such conditions as are likely to occur.

2. That the city has the power and it is its duty to see that there shall be no structure or physical thing in, upon, near or over the traveled part of the highway which obstructs or hinders one in the use thereof.

3. That where two causes combine to produce an injury to a traveler upon a highway both of which are in their nature proximate, the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defects.

4. It is immaterial what is the intermediate cause between the act complained of and the injurious consequence, if such act is the efficient and proximate cause, and the consequence was the probable result.

5. In determining what is a proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence, such as the natural surrounding circumstances of the case might and ought to have been forseen by the wrongdoers as likely to follow from his act.

Setter's Admr. v. City of Maysville.

The test is, was the new and independent force, acting in and of itself in causing the injury and superseding the original wrong complained of, so as to make it remote in the claim of causation, although it may have remotely contributed to the injury as an occasion or condition thereof?

7. The question as to whether a given act of negligence was the proximate cause of the injury complained of, where the character of the facts is such that different conclusions may be drawn from them, is a question for the jury.

8. Wherever the authorities throw a highway open for traveling or invite and induce travel thereon by any other means, the duty to keep it open arises, and they will be liable in a proper case for failing to perform that duty.

9. The averment that appellee's negligence was the proximate cause of the injury, was not a legal conclusion, but the averment of a fact which is admitted by the demurrer.

10. In view of the facts admitted by appellee to be true, we maintain that there is nothing in the pleadings from which it can reasonably be inferred that decedent was guilty of contributory negligence.

11. The maxim "causa proxima, non remota, spectatur," we submit, does not mean that the cause or condition which is nearest in time or space to the result, is necessarily to be deemed the proximate cause.

## AUTHORITIES CITED.

1. Hampson v. Taylor, 15 R. I., 83; City Louisville v. Snow, 54 S. W., 860; City of Huntington v. McClurg, 22 Ind. App., 261; Schafer v. Mayor N. Y., 1154 N. Y., 466; Barbour v. Rocksbury, 11 Allen, 318; Lindsay v. Danville, 45 Vt., 72.

2. Day v. Melford, 5 Allen, 98; Post v. Poston, 141 Mass., 189; Hewison v. New Haven, 34 Conn., 142; Drake v. Lowell, 13 Met., 292; Talbot v. Taunton, 140 Mass., 552; Jones v. New Haven, 34 Conn., 10; West v. Lynn, 110 Mass., 514.

3. Elliott on Streets and Roads, sec. 617; Joliet v. Verley, 35 Ill., 58; Bloomington v. Bay, 42 Ill., 503; Lacon v. Page, 48 Ill., 500; Cartersville v. Cook, 129 Ill., 152; Bellville v. Hoffman, 74 Ill. App., 503; Crawfordsville v. Smith, 79 Ind., 388; Towler v. Linguist, 138 Ind., 566; Langhammer v. Manchester, 99 Ia., 295; Atchison v. King, 9 Kn., 550; Basset v. St. Joseph, 53 Mo., 290; Hull v. Kansas City, 54 Mo., 598; Brennan v. St. Louis, 92 Mo., 482; Vogelsang v. St. Louis, 139 Mo., 127; Vogel v. Westplains, 73 Mo. App., 588; Lundeen v. Livingstone Electric Light Co., 17 Mont., 432; Norris v. Lichfield, 35 N. H., 271; Clark v. Barrington, 41 N.

H., 44; Winship v. Enfield, 42 N. H., 197; Ayers v. Hammondsport, 130 N. Y., 665; King v. Cohoes, 77 N. Y., 83; Roblee v. Indian Lake, 11 N. Y. App. Div., 435; Dillon v. Raleigh, 124 N. Car., 184; Hunt v. Pawnal, 9 Vt., 411; Kilsey v. Glover, 15 Vt., 708; Allen v. Hancock, 16 Vt., 230; Fletcher v. Barnett, 43 Vt., 192; Sherwood v. Hamilton, 37 U. C. Q. B., 410.

4. 1 Sutherland on Damages, secs. 37, 38, 40; Terre Haute, &c., I. C. R. R. Co. v. Buck, 36 Ind., 346; Louisville N. & C. Ry. Co. v. Wood, 113 Ind., 544; Mexican Nat. R. R. Co. v. Mussette, 86 Tex., 708; Durrey v. Fletner, 118 Mass., 131, 251; Baxter v. R. I. P. R. Co., 87 Ia., 488; Chicago & N. W. R. R. Co. v. Prescott, 59 Fed. Rep., 237; Gibson v. Del. & H. Canal Co., 65 Vt., 283; Bigelow on Torts, 277; Henry v. Dennis, 93 Ind., 452; Aetna Ins. Co. v. Boone, 95 U. S., 117; State v. Manchester & L. R. R. Co., 52 N. H., 532; Topsham v. Lisbon, 65 Me., 449; Taylor v. Baldwin, 78 Cal., 517; E. Tenn. V. & G. R. R. Co. v. Lockhart, 79 Ala., 315; Gerhart v. Bates, 2 El. & Bl., 490; Hodley v. Northern Trans. Co., 115 Mass., 304; Durrey v. Fullner, 118 Mass, 131; Pa. R. R. Co. v. Hope, 80 Pa., 373; Seale v. Gulf C. & S. F. R. R. Co., 65 Tex., 274.

5 and 6. W. Mahamy Twp. v. Watson, 112 Pa., 574; 16 Am. & Eng. Ency. of Law, 445; Harriman v. Pittsburg C. & St. L. R. R. Co., 456 Strat., 11; Pa. Co v. Congden, 134 Ind., 226; Aetna Ins. Co. v. Boone, 95 U. S., 117; Gordon v. Rimmington, 1 Campb., 123; Lowry v. Manhattan R. R. Co., 99 N. Y., 158.

7. Weick v. Lander, 75 Ill., 95; Hill v. Windsor, 118 Mass., 251; Savage v. Chicago, M. & St. P. R. R. Co., 31 Minn., 419; Johnson v. Same, 31 Minn., 57; Lake v. Milligan, 62 Me., 240; Shoredan v. Brooklyn City & N. R. R. Co., 36 N. Y., 39; Dunn v. Cass Av., etc., R. R. Co., 21 Mo. App., 188.

8. Terise v. St Paul, 36 Minn., 521; Aurora v. Coalshire, 521 Ind., 584; Murphy v. City Indianapolis, 83 Ind., 576; Baldwin v. City Springfield, 141 Mo., 576; City of Ord v. Nash., 50 Neb., 335; Phillips v. City Huntington, 35 W. Va., 406; Sewall v. City Cohoes, 45 N. Y., 725; Miller v. City of Newport, 93 Ky., 22; Gallagher v. St. Paul, 28 Fed. Rep., 305; Saulsbury v. Ithaca, 94 N. Y., 27; Regna v. Rochester, 45 N. Y., 129; Schafer v. Mayor N. Y., 154 N. Y., 466; Taacke v. Seattle, 16 Wash., 90; City Mt. Carmel v. Blackburn, 53 Ill. App., 658; Foxworthy v. City Hastings, 25 Neb., 133; Mansfield v. Moore, 21 Ill. App., 326; Barton v. Montpelier, 30 Vt., 650; Steubenville v. King, 23, O. St. Rep., 610; City Louisville v. Snow, 54 S. W., 860; Henderson v. Sandifer, 11 Bush, 550; Davenport v. Rucksman, 37 N. Y., 573; Fugate v. City of Som-

erset, 97 Ky., 48; Elliott on Streets and Roads, secs. 618, 626, 634, 824.

9. Wabash County v. Purson, 120 Ind., 426; Louisville, &c., R. R. Co. v. Thompson, 107 Ind., 442; Same v. Wood, 113 Ind., 544; Am. & Eng. Ency. Law, vol. 14 p..336.

10. Louisville, &c., R. R. Co. v. Blaydes, 51 S. W., 820.

11. Atchison, &c., R. R. Co. v. Stanford, 12 Kan., 354, 377; Wright v. Chicago, &c., R. R. Co., 27 Ill. App., 200; Cheeves v. Danielly, 80 Ga., 114; Thompson on Negligence, last edition, vol. 1, sec. 54 and authorities cited therein; Lane v. Atlantic Works, 11 Mass., 136, 139; Baltimore City R. R. Co. v. Kemp., 61 Ma., 619.

L. W. GALBRAITH, FOR APPELLEE.

CLASSIFICATION OF QUESTIONS DISCUSSED.

1. Statement. The question as to whether there should be a sidewalk on the north side of Second street, was legislative in its nature, and the city incurred no liability, in refusing to open that part of the street as it would in neglecting the discharge of a ministerial duty. Dillon's Municipal Corporations, vol. 2, sec. 949; Elliott on Streets and Roads, secs. 447 and 478; City of Henderson v. Sandefur & Co., 11 Bush, 550.

2. No action lies against a city for negligence in the exercise or non-exercise of its discretionary powers, of a public or legislative character. Foregoing authorities and also, Wheeler v. City of Poplar Bluff, Mo., Municipal Corporations cases annotated, vol. 3, p. 20; Rivers v. the City Council of Augusta, 65 Ga., 376, 38 Am. Rep., 787; Anderson v. East, 117 Ind., 126, 70 Am., St. Rep., 35; Detroit v. Beckman, 34 Mich., 125; Grant v. Erie, 69 Penn. St. Rep., 420.

3. The city is the sole judge as to what portion of the street is necessary for public use. Elliott on Streets and Roads, sec. 491.

4. The authorities cited by appellant relate to ministerial duties and do not apply to this case. Fugate v. the City of Somerset, 97 Ky., 48; City of Newport v. Miller, 93 Ky., 22; City of Louisville v. Snow's Admr., 54 S. W., 860.

5. The city committed no breach of duty in suffering the Maysville street railway and transfer company to operate its road as alleged by appellant.

6. Appellant's petition states too much, and shows that the accident resulted from the negligence of the Maysville street Railway and Transfer Company, and the contributory negligence of his intestate. Elliott on Streets and Roads, sec. 761; Johnson's Admr. v. L. & N. R. R. Co., 91 Ky., 653.

Setter's Admr. v. City of Maysville.

7. No act or negligence of appellee was the proximate cause of the death of appellant's intestate. Wood v. Penn. R. R. Co., 35 L. Rep,, Ann., 199; Shields v. The L. & N. R. R. Co., 97 Ky., 103.

THOMAS M. WOOD and E. L. WORTHINGTON, for Appellee.

### AUTHORITIES.

When the motorman operating an electric street car negligently runs it over a person walking on the track and kills him, a defective condition of the contiguous sidewalk which induced the person to leave it and walk on the street car track, is not the proximate cause of his being run over and killed. And, therefore, an action can not be maintained against the city for causing his death by neglecting to repair the sidewalk. Scheffer v. Washington R. R. Co., 105 U. S., 249; Shields v. L. & N. R. R. Co., 97 Ky., 110; Whitaker's Smith on Negligence, pp. 36 and 37; Butz v. Cavanaugh, 59 Am. St. Rep., 504; Wood v. Penn. R. R. Co., 55 Am. St. Rep., 728; McGahan v. Indianapolis Natural Gas Co., 49 Am. St. Rep., 199; Cooley on Torts, p. 70; Southside Passenger Ry. Co. v. Frick, 2 Am. St. Rep., 672.

### PROXIMATE CAUSE.

Shearm. v. Redf., vol. 1, sec. 25, and note, p. 25; Blks. L. & P. Acc. Cases, sec. 21, p. 22 and note; Wharton's Law of Negligence, sec. 134; Rowell v. City of Lawell, 7 Gray, 100; Kidder v. Inhabitants of Dunstable, 7 Gray, 104; Shepherd v. Inhabitants of Chelsea, 4 Allen, 113; Jones v. City of Williamsburg, Mun. Cor. Cases, vol. 3, p. 444; Eisenbrey v. Pennsylvania Co. for Ins., 141 Pa. St., 566; West Mahoney Township v. Watson, (116 Pa. St., 344) Am. St. Rep., vol. 2, p. 604; Pa. R. R. Co. v. Kerr, 62 Pa., 353, 1 Am. Rep., 431; Scott v. Hunter, 46 Pa St., 192, 84 Am. Dec., 542; Hey v. Philadelphia, 81 Pa. St., 44; Pittsburg v. Grier, 22 Pa. St., 54, 60 Am. Dec., 65; West Mahoney Township v. Watson, 112 Pa. St., 574; South Side Passenger Railway Co. v. Trich, (117 Pa. St., 390), Am. St. Rep., vol 3, p. 672; Hoag v. Lake Shore, &c., R. R. Co., 85 Pa. St., 293, 27 Am. Rep., 653; Pa. R. R. Co. v. Hope, 80 Pa. St., 373, 21 Am. Rep., 100; Hoag v. Michigan Southern, &c., R. R. Co., 85 Pa. St., 293, 27 Am. Rep., 653; Myer v. Lindell Ry. Co., 6 Mo. App., 27 (1887).

The governmental function and discretionary powers of the board of council. Subsec. 25, sec. 3490, Kentucky Statutes, Danville H. & W. R. R. Co. v. Com., 73 Pa. St., 38; Randle v.

Pacific R. R. Co., 65 Mo., 325, 333; Dillon's Mun. Corp., vol. 2, sec. 949, p. 1157; Sherm. & Redf., vol. 1, sec. 270, p. 466, and note 3; Elliott on Roads and Streets, sec. 761, p. 819; Maloy v. Wabash, &c., R. R. Co., 84 Mo., 270; Blks. L. & P. Acc. as., sec. 56; Beem v. Tama & T. Electric Railway & Light Co.

THOMAS R. PHISTER, REPLY BRIEF FOR APPELLANT.

POINTS AND AUTHORITIES.

1. Negligence of city as to obstruction of streets. City of Henderson v. Sandefur & Co., 11 Bush, 550; Bassett v. City of St. Joseph, 53 Mo., 290; Danville Board of Council v. Boyd County, 21 Ky. Law Rep., 196.

2. Contributory Negligence.     Favre v. L. & N. R. R. Co., 91 Ky., 541; Ramsey v. L. C. & L. R. R. Co., 89 Ky., 103; P. & M. R. R. Co. v. Hoehl, 12 Bush, 41

3. Proximate Cause. Chiles v. Drake, 2 Metcalf, 149; Encyclopaedia Pleading & Practice, vol. 14, p. 336; L. & N. R. R. Co. v. Wolfe, 80 Ky., 84; Schultz v. Moon, 33 Mo. App., 329; Wharton on Negligence, secs. 144-145; Lane v. Atlantic Works, 111 Mass., 140; Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U. S. (Otto, 469), Aetna Ins. Co. v. Boon, 95 U. S., (5 Otto, 117), Cooley on Torts, sec. 70; Pittsburg v. Grier, 22 Penn. State, 54 (60 Am. Decisions, 65) Wharton on Negligence, sec. 997; Erie v. Schwingle, 22 Penn. State, 384 (60 Am. Dec., 87); Scott v. Hunter, 46 Penn State, 192 (84 Am. Dec., 542); Louisville Gas Co. v. Gutenkuntz, 82 Ky., 432; Whitaker's Smith on Negligence, pp. 36-37; Stanley v. Union Depot R. R., 114 Mo., 606 (21 S. W. Rep., 832).

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Elizabeth Setter was run over and killed by an electric street car whilst walking along the north side of Second street, in the city of Maysville, just outside the track of the railway company, and her administrator in this suit seeks to recover damages for her death against the city of Maysville on the ground that the negligence of the city authorities was the proximate cause of her death. The alleged acts of negligence charged against the city are, in substance, that Second street is one of the main thoroughfares of the city; that the city authorities negligently left

large piles of brick, tin cans, railroad ties, and other debris
in the street between the track of the railway company and
the north side of the street, and that they also permitted
undergrowth, bushes, etc., to grow on the north side of the
street, near the place of the accident, which obstructed the
vision of pedestrians traveling on the north side thereof,
and forced them to travel in a narrow beaten path between
said undergrowth and debris, on the one side, and the track
of the Maysville Street Railway & Transfer Company, on
the other, for a distance of about 300 feet; and that the
city authorities permitted the railway company to maintain
trolley poles along its track, and the grade to be one or
two feet higher than the portion of the street on the north
side, and failed to erect barricades between the street
and the trolley track.  After setting out the various acts
of negligence relied on against the city, the petition charges
"that on the —— day of ——, 1900, while his intestate
was passing along the north side of said street, going east
from a store where she had been on business, in a direct
line to Dryden's coal office and yard, on the north side of
said street, one of her objective points, she arrived at said
pole, or thereabouts, and being confronted by said under-
growth, weeds, piles of stone, railroad ties, and other deb-
ris, and said street at a lower grade than that of the rail-
road bed on the one side, and being confronted by the rail-
road track on the other, she was forced to avoid the danger
of crossing or walking on said track to travel the said
narrow, beaten pathway on said side, used by the public
generally, between said pole and said track, and whilst
between said pole and said track she was, without fault
on her part, struck by a car of the Maysville Street Railway
& Transfer Company; that, by reason of the gross acts of
negligence aforesaid, she was knocked under the wheels of

said car, and so bruised and mangled that she died from such injuries."

It is not alleged that Second street was ever graded or sidewalk constructed for the use of the public on the north side of said street at and along the place where the accident occurred. Substantially the only wrong charged to appellee which contributed in any wise to the death of intestate was its failure to keep the north side of Second street free from the obstructions enumerated, which compelled plaintiff's intestate to walk so close to the street car track that she was run over and killed thereby. The circuit judge sustained a general demurrer to the original and various amended petitions, and the plaintiff has appealed; and the question to be determined is, conceding the alleged facts to be true, was the negligence complained of the proximate cause of the injury and death of plaintiff's intestate? There can be no doubt that the actual and immediate cause of her death was the collision with the trolley car. But it is insisted for appellant that, as appellee was primarily negligent in the discharge of the duties imposed upon it by law, its negligence, as well as that of the railway company, which actually inflicted the injury, must in law be considered as the proximate cause of intestate's injury. Thompson, in his Commentaries on the Law of Negligence (section 44), says: "No negligence or other wrong of any kind whatsoever can furnish the foundation of an action for damages unless it was the proximate cause of the injury suffered by the plaintiff; the maxim of law being '*Causa proxima, non remota, spectatur.*' Section 5. This being one of the elements essential to recovery, it follows that the burden of showing that the negligence or other wrong was the proximate cause of the injury is upon the plaintiff. The plaintiff must not

only prove negligence, but he must also prove that the negligence was the proximate cause of the injury." And he cites by way of illustration the case where a railway company violates an ordinance limiting the speed of its trains within the limits of a city, or runs an engine in the nighttime without a headlight, and during the period of this dereliction injury happened to various persons, which they failed to show was due to the dereliction, but to some other causes, for which the defendant was not responsible. In all these cases it was held that the plaintiff could not recover. On the other hand, it is said that, where the proximate cause and sole cause of the injury is specifically ascertained, the law will not stop to speculate on what might have occurred had such cause been absent. In 2 Shear. & R. Neg., section 26, the author says: "The breach of duty upon which an action is brought must not only be the cause; but the proximate cause, of the damage to the plaintiff. We adhere to this old form of words because, while it may not have originally meant what is now intended, it is not immovably identified with any other meaning, and is the form which has been so long in use that its rejection would make nearly all the reported cases on the question involved unintelligible. The proximate cause of an event must be understood to be that which in the natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred." In note 3, the authors say: "If it can not be said that the result would have inevitably occurred by reason of the defendant's negligence, it can not be found that it did so occur, and the plaintiff has not made out his case." And Wharton, in his Law of Negligence (section 134), says: "Suppose that, if it had not been for the intervention of a responsible third party, the defendant's neg-

ligence would have produced no damage to the plaintiff; is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent human action. I am negligent on a particular subject-matter as to which I may not be contractually bound. Another person, moving independently, comes in, and, either negligently or maliciously, so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence so that I can not be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty, but I am not liable to others for the negligence which he alone was the cause of making operative." And in section 999: "It has already been seen that the negligence of a third person intervening between the defendant's negligence and the damage breaks the causal connection between the two. . . . There is no road that has no imperfections, and, if a traveler is forced against one of these through the negligence of a third party, it is from the latter, and not from the town, that redress must be sought." In Scheffer v. Railroad Co., 105 U. S., 249, 26 L. Ed., 1070, this state of case was presented: By reason of the collision of two railway trains, a passenger was injured, and in consequence became insane, and some eight months thereafter committed suicide. It was held in a suit by his personal representatives against the railway company that his own act was the proximate cause of his death, and they were not entitled to recover from the company. The court in that case, through Judge Miller, said: "In order to warrant a finding that negligence, or an act

not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and it ought to have been foreseen in the light of attending circumstances." In Whitt. Smith, Neg., p. 137, it is said: "If the negligence of the defendant would not have caused the injury but for the intervention of the negligence of a third person, the defendant will not be liable." In Cooley, Torts, section 70, the author says: "If the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission of another, the injury shall be imputed to the last wrong, as the proximate cause, and not to that which was more remote." "A long series of judicial decisions has defined proximate or immediate and direct damages to be the ordinary and natural results of negligence such as are usual, and therefore might have been expected; and this includes in the category of remote damages such as are the result of an accidental or unusual combination of circumstances, which would not reasonably be anticipated, and over which the negligent party has no control." See Thomp. Neg., section 47.

Applying these well-recognized principles of law to the facts alleged by the defendant, can it be said that the condition of Second street, on the north side, at the point where the injury is alleged to have occurred, was the proximate cause of intestate's loss of life? It is not alleged that on the south side of the railway track the road was in any wise obstructed, or that the sidewalk on that side of Second street was not in suitable condition for the use of the public. But plaintiff does allege that the collision between his intestate and the trolley car occurred during the daytime, and that the motorman in charge of the car could,

by the exercise of ordinary care, have discovered her peril in time to have avoided striking her. If this allegation is true, plaintiff had a good cause of action against the trolley car company. If it is not true, and she voluntarily walked upon such track, or so close thereto as to be in striking distance from a passing car, without being on the lookout for the approach of a car, she was guilty of such contributory negligence as would preclude her from recovery. And it seems to us that in no contingency was the alleged negligence of the appellee the proximate cause of her injury and death. In view of the conclusion which we have reached upon this question, it is unnecessary for us to consider the question whether a municipal corporation can be made liable for damages for mere failure on the part of the city authorities to grade and pave a suburban street.

For reasons indicated, the judgment is affirmed.

Petition for rehearing by appellant overruled.