Case 16—ACTION BY JOHN D. GASPER AGAINST THE LOUIS-
VILLE HOME TELEPHONE CO. ETC.; FOR DAM-
AGES FOR PERSONAL INJURIES.—JUNE 5.

## Louisville Home Telephone Co. v. Gasper.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, 2d Division.)

THOS. R. GORDON, Judge.

Judgment for Plaintiff. Defendant appeals. Af-
firmed.

1. Municipal Corporations—Obstruction in Streets—Negligence—
   Evidence.—Evidence that a telephone company anchored a
   guy wire to a block of wood in the ground, 18 inches within
   the side line of a public alley, along a fence so near its color
   as to render the wire practically indiscernible, was sufficient
   to justify a finding that the company was negligent.
2. Same.—A telephone company is liable for damages to a per-
   son injured by its negligence in obstructing a street or high-
   way with its poles or wires.
3. Same—Proximate cause of injury.—Where one drove negli-
   gently at a rapid rate along a public alley and ran upon a
   guy wire negligently anchored by a telephone company in the
   alley, overturning the vehicle and causing personal injuries
   to the plaintiff, the fact that the negligence of the driver
   intervened between that of the telephone company and the
   injury to plaintiff does not prevent the telephone company
   from becoming liable therefor.

HELM, BRUCE and HELM, and HELM BRUCE for appellant,
Louisville Home Telephone Co.

### POINTS AND AUTHORITIES.

1. The evidence showed no negligence on the part of the Louis-
ville Home Telephone Co.

2. Even if it be conceded for the purpose of argument that the
Home Telephone Company's line was not properly constructed,
yet this was not the proximate cause of the injury to plaintiff.

Louisville Home Telephone Co. v. Gasper.

AUTHORITIES CITED.

Setters Admr. v. City of Maysville, 114 Ky., 60; Simons v. Gregory, 27 Ky., L. R. 509; Winterbottom v. Wright 10 M. & W. 109; Goodlander Mill Co. v. Standard Oil Co. 27 L. R. A. 583-586; (63 Fed. 401-406.) Cole v. German Savings, etc., Society, 63 L. R. A. 416-420.

CARUTH, CHATTERSON & BLITZ for appellee.
(No brief in the record.)

OPINION BY JUDGE SETTLE—Affirming.

Appellee, John D. Gasper, sued appellant Louisville Home Telephone Company, A. J. Dressell, and the city of Louisville, in the court below, to recover damages for a personal injury alleged to have been sustained by him through the joint negligence of the defendants. It was, in substance, alleged in the petition that appellee, while walking in a public alley adjoining his home in the city of Louisville, was knocked down and crushed by and under a heavy wagon owned and operated by Dressell, which greatly bruised his body, broke his hip, and permanently injured him. That, at the time of receiving his injuries, the appellant Louisville Home Telephone Company had and maintained in the alley mentioned a telephone pole to which it negligently strung and maintained a guy wire running obliquely from the top thereof down to a block in the ground so as to form and cause a dangerous obstruction to pedestrains and vehicles using or passing through the alley, and that the wagon of Dressell, while being driven through the alley by his servant in a negligent manner, ran upon and against appellant's guy wire, which caused the wagon to be overturned and thrown upon appellee, resulting in his injuries  Furthermore, that the city of Louisville consented to the erection of the dangerous obstruction in the alley by appellant telephone company, and knew of its existence at the time appellee was injured, yet negligently suffered it

to be then and theretofore maintained.  The defend-
ants severally answered, denying the negligence
charged, and pleading contributory negligence on
the part of appellee, but for which, it was alleged, his
injuries would not have been received.  The latter,
by replying to each answer, denied that he was guilty
of contributory negligence in the matter of receiving
his injuries.  Thereupon, the case went to trial before
a jury, and upon the conclusion of appellee's evidence
each of the defendants asked for a peremptory in-
struction, which the trial judge refused, and, after
the introduction of evidence in behalf of the defend-
ants, nine of the jury returned, with their names at-
tached thereto, the following verdict: ''We, the jury,
find for the plaintiff in the sum of $2,000, to be assess-
ed as follows:  $1,750.00 against the Home Tele-
phone Company, and $250.00 against A. J. Dressell,
and the city of Louisville exempt from any damage.
We find for defendant city of Louisville.'' Judg-
ment was entered in accordance with the verdict, and
appellee filed motion and grounds for a new trial as to
the defendants Dressell and city of Louisville, and
appellant telephone company also entered motion for
a new trial, in support of which numerous grounds
were filed. Both motions were overruled, but only
the telephone company has appealed.

There is but little conflict in the testimony, and it
cannot be denied that appellee suffered greatly from
his injuries, or that they are of a permanent nature,
and, being an old man, he may be expected to endure
yet further suffering from the fractured hip.  No
serious objection is made by appellant to the instruc-
tions, though it is insisted by its counsel that the jury
should have been peremptorily instructed to find for
appellant.  This contention, however, is based upon
the theory that, though appellant may have been neg-
ligent in maintaining a guy wire in the manner shown
by the evidence, such negligence was not the proxi-

mate cause of the injury to appellee.  This conten-
tion of appellant therefore involves the real and only
question presented for our consideration by the ap-
peal.  According to the testimony, appellee's injuries
were received in the following manner:  Having en-
tered the 20-foot alley, he saw a wagon loaded with
kindling wood, which was standing on its west line.
There were some men with the wagon, and appellee
stopped by it and engaged in conversation with them.
On the east side of the alley, and nearly opposite the
wagon, there was anchored to a block of wood in the
ground appellant's guy wire, which ran at an angle
of 45 degrees to the top of a high telephone pole,
which was a part of its plant, and also situated in the
alley.  The wire was anchored 120 feet north of the
mouth of the alley, 18 inches out in the alley, and on
account of the sagging of the top of the pole, about
15 inches toward the west, the guy wire was made to
hang further out in the alley to the west as it became
higher.  While appellee was standing at the wood
wagon, a heavy delivery wagon owned by Dressell
was rapidly and negligently driven into the alley,
taking the east side because of the standing wagon
on the west side, and the hub of its right hand wheel
collided with the guy wire, which caused the wheel
to slide up the wire, and until it overturned the
wagon  toward the west, throwing it upon appellee,
thereby producing his injuries.  The evidence also
conduced to prove that there are other and safer
ways of anchoring wires into the ground than the
one adopted by appellant with respect to the pole
in the alley.  Thus, by a stub (which is a pole or
post) placed in and rising about 8 or 10 feet above
the ground at the edge of the alley, a guy wire may be
so elevated as to remove all danger of collision with
vehicles or persons.  Yet another way to prevent in-
jury from a guy wire is to inclose it by pipes or
covers, or to attach it to the ground so near the edge

of the alley as to remove any danger of contact with persons or vehicles using the alley. Certain it is that a wire three-eighths of an inch thick running from a point in the ground 18 inches out in the alley, and along a fence so near its color as to render the wire practically undiscernable, may, without aid of the imagination, be regarded as an obstruction dangerous to individuals and vehicles passing over or through the alley. At any rate, in view of the foregoing facts, we are unable to say the finding of the jury that appellant was negligent in thus maintaining its guy wire was unsupported by the evidence.

There can be no question but that a telegraph or telephone company may be held liable for damages to a person injured by its negligence in obstructing a street or highway with its poles or wires. Thus, in Joyce on Electric Law, § 609, it is said: "Where a traveler is injured by collision with a guy wire, negligently placed or maintained by the company, the latter will be liable where the traveler was in the exercise of due care." In Thompson's Negligence, § 1233, we find the same doctrine announced in these words: "If a telegraph, telephone, or electric light company so erects its poles, or suspends its wires, as to make the highways dangerous to ordinary travel, and if a traveler, proceeding with ordinary care, comes in contact with its poles or wires so erected or suspended and thereby sustains injuries, he or any other person having a right of action for such injury may recover the resulting damages of the company." Bevis v. Vanceburg Telephone Co., 121 Ky. 89 S. W. 126, 28 Ky. Law Rep. 142. It is, however, ably argued by counsel for appellant that appellee was injured solely by the wagon falling upon him, and that appellant's negligence, if any, was too remote to have produced the injury without an intervening cause; therefore such negligence was not the proximate cause of the injury. If appellant was negligent as to the manner

in which its guy wire was anchored, and it constituted a dangerous obstruction, that is, one that was likely to result in injury to others from an intervening cause, which though not in fact anticipated by appellant would not have happened but for its earlier negligence, it cannot escape liability, because its negligence would in such case be the approximate cause of the injury. An excellent statement of the law of 'proximate cause' may be found in 21 Am. Eng. Ency. of Law (2d Ed.) 490: "It is well settled that the mere fact that there have been intervening causes between the defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say, the plaintiff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries other causes, conditions, or agencies may have operated, and, when this is the case, the defendant is liable. So, the defendant is clearly responsible where the intervening causes, acts, or conditions were set in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is generally held, if the intervening acts or conditions were of a nature, the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself. An act or omission may yet be negligent and of a nature to charge a defendant with liability, although no injuries would have been sustained but for some intervening cause, if the occurrence of the latter might have been anticipated. Many cases lay down the rule that the intervening negligence of a third person will not relieve the author of an earlier negligent act from liability in damage therefor. A defendant may in fact be liable in negligence, although, by reason of the intervening negligence of a third person, the latter is also liable. But where the negligence of a third person is of an unusual and extraordinary character, interrupting the natural

sequence of events, and the defendant's act or omission alone was not of a nature to produce the injuries, the defendant will not be liable. Or, as the rule has been stated in some cases, if tl intervening act of negligence may be considered the sole cause of the plaintiff's injury, the author of the earlier negligent act is not liable.'' Manifestly, the injury complained of by appellee would not have been inflicted, but for the negligence of the driver of the wagon, but this is not truer than the further fact that the accident would not have occurred, notwithstanding the negligence of the driver, had not the original or primary negligence of appellant operated to bring it about. In other words, appellee was injured by the immediate negligence of the driver of the wagon, and the primary negligence of appellant; the negligence of the two concurring to cause it, and the injury being such as the maintainer of the dangerous obstruction in the alley ought reasonably to have anticipated, as likely to occur from its existence.

''Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer.'' Thompson on Negligence, § 52. ''Proximate cause'' has been variously defined by different law writers and judges, but perhaps a better definition cannot be found than that given by Thompson, in section 47 of the work, supra: ''The proximate cause of an injury is that which in natural and continuous sequences, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.'' In Black's Law and Practice (section 21) ''proximate cause'' is thus defined: ''A proximate cause is that cause which naturally led to and which might have been expected to pro-

duce the result.  *  *  *  The connection of cause
and effect must be established.  It is also a principle
well settled that when an injury is caused by two
causes concurring to produce the result, for one of
which the defendant is responsible, and not for the
other, the defendant cannot escape responsibility.
One is liable for an injury caused by the concurring
negligence of himself and another to the same ex-
tent as if for one caused entirely by his own negli-
gence." Whitaker's Smith on Negligence, p. 27. The
rule announced by the foregoing authorities has been
approved by this court.  Notably in the case of White-
man & Co. v. Warren, 66 S. W. 609, 23 Ky. Law Rep.
2120.  In that case the defendant had left a gutter
filled with hot water.  A boy traveling the walkway
was pushed by another boy into the gutter and hot
water and thereby scalded and badly injured.  In
the opinion, it is said: "If it be true that the injury
was the result of the negligence of two persons,
appellant (in leaving the gutter filled with hot
water), and the boy who jostled appellee, there
might still be a recovery against either without
joining the other."

In order to hold appellant liable it is not neces-
sary to show that it could or should have foreseen
the result.  In addition to establishing its negligence
in maintaining the dangerous obstruction in the al-
ley, it was only required of appellee to show that
the injury to him was the natural, though not the
necessary, result of its presence.  Wharton on Neg-
ligence, § 74; Shearman and Redfield on Negligence
§§ 32-38.  Thompson on Negligence, § 59; Milwaukee
Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256.
To illustrate: Horses frightened in a street or on
a highway are liable to run away and inflict injury
upon persons or property.  So, if the whistle of a
locomotive engine be needlessly and wantonly
sounded in or near a street or highway and causes

a team of horses to run away and kill another horse, the owner thereof may recover damages therefor of the railroad company. Billman v. Indianapolis, R. R. Co., 76 Ind. 166, 40 Am. Rep. 230. We do not think the views herein expressed in conflict with Setter's Adm'r v. City of Maysville, 114 Ky. 60; 69 S. W. 1074, 24 Ky. Law Rep. 828, relied on by appellant. In that case damages were sought to be recovered of the city of Maysville for the death of the intestate, caused by being run over by an electric car while walking on one of its streets; the charge being that by the negligence of the city in allowing brick and other debris in the street between the track of the railway company and the north side of the street, and in permitting the street railway company to maintain trolley poles along its track and a grade one or two feet higher than the portion of the street on the north side, without erecting barricades between the street and the trolley track, the vision of pedestrians traveling on the north side was obstructed, and they were forced to travel in a narrow path between the debris and railway track, and that the intestate was killed by a street car while traveling this path, it being alleged that the negligence of the city in allowing the obstructions along and on the street was the proximate cause of her death. The court, though not disputing the doctrine we have announced, held that the city was not liable on the facts presented, and this decision, we think, was due, as intimated in the opinion, to the fact that it was not alleged or proved by the plaintiff that on the south side of the railway track, which was opposite the path traveled by the intestate, the road was in any wise obstructed, or that the sidewalk on Second street was not in a suitable condition for the use of the public, from which it might be inferred that the intestate could have walked on the south side of the railway track in

safety.   Therefore  no  negligence  was  shown  as against the city, which could have been the proximate cause  of  the  injury.   While  other  authorities  have been cited by appellant's counsel, we do not find that they are based upon facts analogous to those of this case, and therefore we do not regard them with such favor as to accept them as against those relied on in the opinion.

Being  of  opinion  that  the  jury  were  not  without evidence  for  the  conclusion  that  appellant's  negligence  was  the  proximate  cause  of  appellee's  injuries,  and  that  the  instructions  properly  presented the law of the case, the judgment is affirmed.