Mrs. Lottie BASS, Adm'x, Estate of Leo Bass, Deceased, Libelant-Appellant,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH CO., Libelee-Appellee.

No. 12103.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1954.

Leo J. Sandman, Louisville, Ky. (Clarence E. Lopez, Louisville, Ky., on the brief), for appellant.

Thomas J. Wood, Louisville, Ky. (E. W. Smith, Graham W. George, Atlanta, Ga., T. Kennedy Helm, Jr., Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal from judgment entered in the United States District Court 113 F.Supp. 911, dismissing the libel brought in Admiralty by the widow and administratrix of the decedent, Leo Bass, who was killed when struck by the boom

of a whirler boat upon which he was working when it collided with a telephone cable constructed by the Southern Bell Telephone and Telegraph Company across the Ohio River near Louisville, Kentucky.

The appellant contends that the libelee-appellee was negligent in creating an unreasonable obstruction to navigation, in maintaining its cable across the canal where the accident occurred at an elevation insufficiently high to avoid the collision, and in alleged violation of directions given by United States Army Engineers to elevate the cable. Appellant insists that the cable wires were almost nine feet lower than they should have been and nine feet lower than had been ordered by the Engineers; and argues, in effect, that whenever a navigable stream has wires, bridges, or pipes placed across it, there is ever a "potential accident lurking around the corner," especially when such structure is not properly maintained, inspected, and erected in strict conformity with the permit for such use.

■ In response, the appellee maintains—and we think correctly, as found by the district court—that the crew of the boat upon which the decedent was riding at the time of his death was guilty of negligence, constituting the proximate cause of the accident resulting in his death. This negligence consisted in the failure of the crew members to keep a lookout ahead and in their failure to adjust the boom so as to provide necessary clearance under the cable when the crew was navigating a new piece of equipment which had an unusually high boom. The existing condition was well known to the members of the crew, as experienced navigators, familiar with the river at the place of the accident.

■ On the basis of evidence that every over-head construction in the vicinity of the cable maintained by the libelee, with the exception of one bridge, was lower than the cable, the court concluded that the cable had not been maintained as an unreasonable obstruction to free navigation. Upon his findings of fact, which are supported by substantial evidence and are not clearly erroneous, the United States District Judge held that the libelant's decedent, Leo Bass, met his death as a result of the negligence of the crew on the pusher boat and the whirler, in that the crew failed to keep a proper lookout ahead while maneuvering an extremely high piece of equipment under a cable crossing, the existence of which was well known to the crew, when all they had to do to insure safety in passing under it was to lower the boom on the whirler. The court stated, further, that the cable had existed for more than twenty years, during which traffic on the canal had passed safely beneath it; that only the unusual height of the boom on the whirler boat could have caused the accident; and that the height of the boom could have been lowered easily by those in charge of its operation.

The opinions in Watson v. Kentucky & Indiana Bridge and Railway Company, 137 Ky. 619, 126 S.W. 146, 129 S.W. 341, and in Louisville Home Telephone Company v. Gasper, 123 Ky. 128, 93 S.W. 1057, 9 L.R.A.,N.S., 548, were correctly distinguished by the district court; and the principles of Southern Bell Telephone and Telegraph Company v. Burke, 5 Cir., 62 F.2d 1015, were properly applied to the facts of the case here.

Upon the findings of fact of the district court and for the reasons stated in its conclusions of law, the judgment dismissing the cause of action on its merits is affirmed.