[No. 3,966.]

JAMES ELLIS *v.* JOSEPHINE WHITE, JOSEPH OPPENHEIMER, ISAAC LOWENSTEIN, RICHARD D. MOWRY, WALTER C. DIMMICK, PHILLIP KENNEDY AND THOMAS O'NEIL ET AL.

HOMESTEAD CLAIM BY UNMARRIED WOMAN.—An unmarried woman, who has the care and custody of her minor child, is permitted, by the statute, to select a homestead, not exceeding $5,000 in value, though she has never been married, and the child is a bastard.

APPEAL from the District Court, Third Judicial District, Alameda County.

On the 7th of December, 1868, Josephine White owned four lots, each 25 feet by 75, in Oakland, Alameda County, and resided on them with her infant child, a boy about eight years old. The child was not born in wedlock, for Josephine had never been married. On said day, she made a declaration of homestead on the premises, and had it recorded. The premises did not exceed five thousand dollars in value. On the 22d day of September, 1869, John Conery obtained a judgment against Miss White, in the District Court of the Fourth Judicial District, City and County of San Francisco, and filed a certified copy of the transcript of the judgment in the Recorder's office of Alameda County, and issued an execution thereon, before the delivery and recording of the mortgage to the plaintiff, Ellis, hereafter mentioned. The sheriff sold the property on the execution; defendant, Walter C. Dimmick, became the purchaser, and received a sheriff's deed on the 9th day of July, 1870. On the 16th day of October, 1869, Miss White mortgaged the premises to the plaintiff, Ellis. On the 4th day of November, 1870, he commenced this action to enforce the lien of his mortgage, and made the defendants, other than Miss White, defendants, under an allegation, that they claimed interests in the premises which were subject to the lien of his mortgage. Defendant Dimmick answered; setting up by way of cross-complaint, his title under the execution sale, and asking to have it declared paramount to the plaintiff's mortgage, and to have it quieted. The Court below dismissed this cross-complaint, and rendered judgment in favor of the plaintiff, and Dimmick appealed.

The other facts are stated in the opinion.

*George W. Tyler* and *William Irvine,* for Appellant.

*A. C. Searle* and *P. B. Ladd,* for Respondent.

By the COURT:

The asserted title of the appellant Dimmick to the mortgaged premises, derived through the execution sale under the Conery judgment, is resisted on the ground that, in 1868, before the rendition of the judgment, the premises became the homestead of the defendant Josephine. The premises have never exceeded $5,000 in value, and the Court below found as a fact that, in December, 1868, while she was residing on the premises, she made and filed in due form her declaration of homestead thereon. The admission of Dimmick's counsel, made in order to avoid a continuance of the cause, as to what the defendant Josephine would testify to, if present, places the case, upon this point, in the same attitude as though she had testified at the trial—that, at the time of making and recording the declaration of homestead, she resided on the premises with her child, a boy of about five years, who was supported and maintained by her. The testimony of Street, a witness for Dimmick, to the effect that a short time before the trial he had heard her admit, in a communication with Mrs. Akerson, that she was not, in fact, residing upon the premises at the time she made and filed the declaration of homestead, but that they were then in the possession of a tenant of hers (even if competent to affect the claim of the plaintiff), tended to produce a mere conflict in the evidence upon that point, and the finding will not, under the settled rule, be disturbed by us. Nor is there any doubt that the defendant Josephine was otherwise entitled to select and hold a homestead of the value of $5,000. She was an unmarried person, and had the care and maintenance of her minor child. The fact that she had never been married, and that the child was a bastard child, is of no import upon this point.

An unmarried woman, who has the care of her child, is permitted by the statute to select a homestead not exceeding $5,000 in value. The purpose is to aid her in the proper maintenance of the child as well as herself. Though she has never been married, and her child be a bastard child, the mother and child are neither of them for that

reason without the benefit of the act, nor the less in need of a home it intended to provide.

The judgment and order denying a new trial are affirmed.