CASE 9—ORDINARY—JANUARY 28, 1882.

# Bell v. Keach.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Although appellee had not been legally married to his housekeeper, yet having lived with her for twenty years, and had a son nineteen. years old by her, he was under a natural and moral obligation to support his son, and is held to be a housekeeper and entitled to the statutory exemptions.

2. There was no alteration in the bond sued upon.

Bell v. Keach.

M. A. & D. A. SACHS FOR APPELLANT.

The court erred in its instructions, and in refusing those asked for by appellant. Appellee is not in any reasonable sense a housekeeper. His housekeeper was not his, and his connection with her was simply adulterous. The son was not born in wedlock. It can hardly be presumed that he who openly violates law can successfully appeal to its protection as a debtor. (McMurray v. Shuck, 6 Bush, 111; Brooks v. Collins, 11 *Ib.*, 627; Thompson on Homestead Exemptions, 47; 15 B. Mon., 503; 5 Rich. S. C., 500; Gen. Stat., chap. 38, art. 13, 430–435; Acts 1876, vol. 1, 70; Chamberlain & Tapp v. Brave, 3 Bush, 569.

J. L. CLEMMONS FOR APPELLEE.

There was no error in the instructions given, and none was committed in refusing those asked for by appellant. Appellee is a housekeeper, and entitled to the exemption fixed by the statute. (Gunn v. Gordehus, 15 B. Mon., 447; Civil Code, sec. 643.) No alteration was made in the bond.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action upon an indemnifying bond to recover damages for the seizure and sale, under execution, of property claimed by the owner to have been by law exempt.

The court below, in pursuance of special verdicts of the jury fixing the value of the property at $100, and damages for the seizure and sale at $290, rendered judgment for $390.

The opinion of the witness as to the extent appellee was injured in respect to his crop by the seizure and sale, and which appellant moved to exclude from the jury for incompetency, was asked, and given after he had stated he was acquainted with the property, its value, also with the condition and business of appellee; and though, upon cross-examination, he stated he was guessing at the amount of damages sustained, he manifestly intended, and was without doubt understood by the jury, to convey the idea simply that he, in his own language, "had not made an itemized

account of the damages." The motion of appellant was therefore properly overruled.

Whether the court below erred in refusing the instructions asked by appellant, and giving others in lieu of them, depends upon the manner in which the two questions to which they relate, the main ones in this case, should be determined. They are—1st. Whether appellee was, at the time of the seizure and sale, a *bona fide* housekeeper with a family within the meaning of the statute? 2d. Whether the indemnifying bond was so altered, after being signed, as to release the obligors, or either of them?

The first question is of easy solution, because dependent upon simple tests.

If a debtor is a housekeeper, and has a family, composed of one or many persons besides himself, whom he is under a natural or moral obligation to support, or who are dependent upon him therefor, he is entitled to the benefit and protection of the exemption laws.

For, as said by this court, in the case of Brooks v. Collins, 11 Bush, 622, "the evident purpose and meaning of the law-making power in placing the exempted property beyond the reach of creditors, was to enable the head of the household to provide for himself and his family, or those who are living with him and dependent upon him for a support."

The statement of appellee as a witness, which being uncontradicted must be taken as true, is that he had been a housekeeper with a family for many years, and was so at the time his property was seized and sold by the officer; that his family then and now consisted of a woman, who was his housekeeper, but to whom he had not been married until this action was brought; that the woman had lived

with him about twenty years, passing for his wife, and is the mother of his son, a boy about nineteen years of age; and that the other members of his family were said son and hired hands, who boarded with him while working on his place.

It thus appears that, at the time of the levy and sale, appellee was a housekeeper with a family, consisting of a woman, received and treated by him as his wife, and his son by her, and that each was dependent upon him for support; and as it is manifest his purpose in keeping a household was to support himself, the woman and child, he must be regarded as a *bona fide* housekeeper with a family.

It may be true that appellee and the woman residing with him were living in adultery, and that he may not have strictly been under any natural or legal obligation to support her; and counsel for appellant contends that it would be against public policy, as well as the spirit of the exemption laws, to treat persons thus dwelling together as entitled to the benefits of its salutary provisions.

But it is not necessary to decide how the exemption laws should be construed or administered, if they alone were to be affected. For whatever may be their offenses, or the relation they sustained to each other, appellee was under a natural and moral obligation to support his infant son, though he may have been born out of wedlock; and so far from being against, it is in accordance with the spirit of the law, as well as public policy, that he should be treated as a member of the family of appellee.

The instructions of the court, being consistent with the foregoing views, were properly given, and those asked by appellant, not being so, were properly refused.

The issue of fact as to the alteration of the indemnifying bond by the constable, after being signed by the obligors, was submitted to the jury, and by a special verdict they found it was not so altered. It is, therefore, not necessary to decide whether the instruction of the court, as to the legal effect of such alteration, was or not proper.

The suggestion of appellant Cope, after he had signed the bond, that the constable might take his name therefrom, for it amounted to no more than a suggestion, did not have the effect to release him from the obligation already incurred, especially as neither did he, in terms, request, or the officer agree to erase his name. He remained bound jointly with the others who signed it.

The amount of damages fixed by the jury, being sustained by the evidence, we are not authorized to say it appears to have been given under the influence of passion or prejudice, nor do we perceive any error of the court prejudicial in any other respect to the rights of appellants.

The judgment is therefore affirmed.

To a petition for a rehearing—

CHIEF JUSTICE LEWIS DELIVERED THE FOLLOWING RESPONSE:

The only condition or qualification required of a debtor, who claims the benefit of the exemption laws, is that he shall be a *bona fide* housekeeper with a family.

In legal contemplation, whomsoever it is the natural or moral duty of the debtor to support, or is dependent upon him for support, may be considered and treated as a member of his family. Accordingly, it has been consistently held that the infant brother or sister, or aged and helpless parent of the debtor, may constitute a family in the meaning of the law. For public policy, and the interests of society,

require that the humane provisions of the exemption laws, in the absence of positive restriction, should be thus extended and applied.

The same reasons that exempt from execution certain property of the debtor, in order that he may be enabled to support his dependent brother, sister, or parent, require that he should likewise be protected and encouraged to reclaim, support, and bring up in proper courses his bastard child.

In our opinion, such an interpretation of the exemption laws is demanded by humanity and public policy, and is consistent and reasonable.

The petition for rehearing is therefore overruled.