CASE 44.—ACTION BY B. F. ECKMAN AGAINST THE LOUIS-
VILLE & NASHVILLE RAILROAD COMPANY.—
March 3, 1910.

## L. & N. R. R. Co. v. Eckman

Appeal from Kenton Circuit Court, Common Law and Equity Division.

M. L. HARBESON, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Railroads—Crossing Accidents—Jury Question.—In an action for injuries to an automobile and driver at a railroad crossing, evidence held sufficient to take the question of a driver's negligence to the jury.
2. Appeal and Error—Review—Sufficiency of Evidence.—The duty of an appellate court goes no further than to determine whether there was evidence to support the verdict, and its decision is not to be controlled by its opinion as to whether the verdict is in accordance with the weight of the evidence.
3. Railroad—Crossing Accidents—Negligence.—It would constitute negligence for a railroad, at a place where gates were maintained, to keep the gates up, whereby one drove an automobile on tracks, and while there was injured by a train, which in passing gave him no warning of its approach.
4. Railroads—Crossing Accidents—Gates—Proximate Cause of Accident.—Where an automobile was driven on railroad tracks at a crossing because the gates were negligently left

open, and then stopped to let a train in front of it pass, and another train passed so close to the automobile that the vibration started the automobile down a slight grade, whereby it ran into the train, the negligent keeping open of the gates was the proximate cause of the accident.

5. Railroads—Crossing Accidents—Contributory Negligence— Proximate Cause.—Where an automobile is driven on railroad tracks at a crossing because the gates were negligently left open, and then stopped to let a train in front of it pass, and the driver then discovered the approach of another train, or by ordinary care could have discovered the approach of the train, though it gave no signals, his negligence in starting the automobile, whereby it ran against the approaching train, causing injury to the automobile and driver, would be the proximate cause of the injury.

S. D. ROUSE and BENJAMIN D. WARFIELD for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment entered in the court below upon a verdict awarding appellee $290, for injuries to his person and the wrecking of his automobile by one of appellant's trains, alleged to have been caused by the negligence of appellant's servants. Appellant's only contention is that its negligence was not the proximate cause of the injuries sustained by appellee, or his automobile, but that they resulted solely from his own negligence, and that the trial court erred in refusing to peremptorily instruct the jury to find for appellant at the conclusion of the evidence, as requested by it to do. This contention requires of us consideration of the evidence introduced on the trial. That of appellee, consisting of his own testimony and that of one Bruehl, conduced to prove that appellee, who is a practicing physician of the city of Covington, in company with Bruehl, was going in his automobile to visit a patient, in order

to reach whose residence it became necessary for them to cross appellant's railroad tracks; where they are intersected by Nineteenth street, frequently called Willow street, which crossing is a public one and much traveled. That at that point Nineteenth street is crossed by six of appellant's tracks, and a gate is maintained on each side of the crossing. That these gates are raised and lowered by machinery operated by an employe of appellant from a tower located on the east side of the crossing, from which he is enabled to overlook the entire crossing, as well as all trains and persons approaching it. That when the gates at the crossing are elevated it is notice to persons desiring to pass over the crossing that appellant's railroad tracks at that point are unoccupied by cars or other obstructions, and the crossing safe for use, but when the gates are down it is a warning to the public that the railroad tracks are occupied, or about to be occupied, by trains or cars, and the crossing unsafe for use. That in approaching the crossing on Nineteenth street, and from the east, as appellee was doing, there is a descending grade, reaching to and considerably beyond the crossing, and that upon reaching the crossing appellee and his companion found both gates elevated, and, being thereby assured that the railroad tracks were unoccupied and the crossing free of obstructions, they permitted the automobile in which they were riding to descend upon it, and to cross the first track and get partly upon the second track, but at this juncture they discovered that the gates were both being lowered, and that a train was passing in front of them on the track next to the west gate of the crossing, which by that time was down. Appellee immediately stopped the automobile, and as there

was behind him not only the lowered east gate, but also a hill, up which he could not back his automobile, and on either side of him cars, on account of which and the moving train in front of him there was not room to turn it around, he could only let it stand until the raising of the west gate would enable him to leave the crossing. That while thus waiting appellee discovered that his automobile needed cranking, and, this attended to, he observed that the train on the outer track had about gotten out of the way, and the west gate was beginning to raise, but before he could get away from the front of the machine where he had been operating the crank, he was warned by Bruehl, who remained in the automobile, that another train was passing between him and the west gate and he then saw that this train, made up of a backing engine and some flat cars, was on the next track to and immediately in front of his automobile. That as the engine passed them it caused such a vibration of the ground as to put in motion the automobile, which was yet on a slightly descending grade, seeing which, and fearing it would run into the moving train and thereby cause the death of his companion, appellee took hold of the automobile and tried to hold it back. Failing, however, to stop it in this way, he jumped upon the running board, and attempted to turn the machine out of the way of the cars, but it nevertheless ran against one of the cars and was turned over, which broke parts of the machine and injured appellee's arm and foot. Both appellee and Bruehl further testied that at the time the train last mentioned approached them there were cars on either side of them, which so obstructed their vision that they did not see or hear it, and could not do so until it got in front of them and that no signal was given

of its approach by the ringing of the engine bell or
the blowing of its whistle. Appellant's evidence,
furnished by quite a number of witnesses, some of
them employes on the train that collided with the
automobile, conduced to prove that appellee, after
passing the elevated east gate, stopped his automo-
bile upon the first track, where his view was obstruct-
ed on either side by loose cars standing on the same
track; that the train with which the automobile col-
lided was not on the track immediately next to and in
front of the automobile, but on a remoter one, and
63 feet from where the automobile was stopped; that
the train in approaching and passing the crossing
kept up a constant ringing of the engine bell; that
the starting of the automobile was by appellee's own
act, and the result of his own negligence, and that
such negligence caused the autombile to collide with
the train.

It is manifest that the court should not have given
the peremptory instruction asked by appellant, for
the testimony of appellee and Bruehl compelled the
submission of the case to the jury; and, if accepted
by the jury as the truth of the matter, as was obvi-
ously the case, it furnished such evidence of negli-
gence as would support the verdict. It is not the
province of this court to declare what witness, or
number of witnesses, should have been believed by
the jury, or in whose favor the evidence as a whole
preponderates, nor would the fact that a jury accepts
the testimony of two witnesses, or even one, as
against that of a greater number of opposing wit-
nesses, justify this court in setting aside the verdict
on the ground of its being flagrantly against the evi-
dence. Our duty goes no further than to determine
whether there was evidence to support the verdict,

and our decision of that question is not to be controlled by our opinion as to whether the verdict is in accordance with or against the weight of the evidence.

If by keeping up the crossing gates, when they should have been down, appellant's servants induced appellee to go upon the crossing when it was not safe for him to do so, and while thereon he was injured by a train, also in charge of appellant's servants, which in passing gave him no warning of its approach, such acts would undoubtedly constitute negligence. It is equally true that, if by the negligence of appellant's servants in failing to lower the gate appellee was induced to run his automobile upon the crossing, and while thereon, and awaiting the raising of the west gate in order to leave the crossing, appellant's train passed so near the automobile that the vibration of the ground therefrom caused the automobile to move and run against the train, thereby inflicting appellee's injuries, or breaking his automobile, it would manifestly be but right to conclude that the negligence of appellant's servant in failing to lower the east gate in time to warn appellee not to go upon the crossing, was the proximate cause of the injuries sustained; and this would be true although the passing train with which the automobile collided in approaching the place of the collision gave the usual signals of its coming. On the other hand, if, as claimed by appellant's counsel, appellee, notwithstanding his having been induced to go upon the crossing by the negligence of appellant's servant in failing to lower the gate in time to warn him not to do so, after getting thereon, knew, or by the exercise of ordinary care could have known, of the approach of the train, and thereafter negligently started his

automobile, or negligently permitted it to be put in motion, and by reason thereof it ran into or against the train, there should have been no recovery, although appellant's servants in charge of the train may have been guilty of negligence in failing to give the usual signal of its approach, for in such case appellee's own negligence would have been the proximate cause of the injuries to his person and machine. But these several theories were properly presented to the jury by the instructions and the verdict demonstrates that in the opinion of the jury appellee in the matter of receiving his injuries was not guilty of negligence.

The second theory mentioned is, in our opinion, not inconsistent with the evidence and verdict. Although the jarring of the automobile into motion by the passing train may be said to be the intervening cause of the injuries to appellee and his automobile, the real cause thereof was the primary negligence of appellant's agent in charge of the gates in failing to lower them in time to prevent appellee from moving his automobile upon the crossing, and but for such negligence appellee would never have been put in the place of danger. "It is well settled that the mere fact that there have been intervening causes between the defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say, the plaintiff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries other causes, conditions, or agencies may have operated, and when this is the case, the defendant is liable. So the defendant is clearly responsible where the intervening causes, acts, or conditions were set

in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is generally held, if the intervening acts or conditions were of a nature the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself. An act or omission may yet be negligent, and of a nature to charge the defendant with liability, although no injuries would have been sustained but for some intervening cause. * * *'' 21 Am. & Eng. Ency. of Law (2d Ed.) 490.

This case is closely akin to that of the Louisville Home Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548, 29 Ky. Law Rep. 578, and is, we think, controlled by that case and the authorities therein cited. The case of Setter's Admr v. City of Maysville, 114 Ky. 60, 69 S. W. 1074, 24 Ky. Law Rep. 828, and others of like nature relied on by appellant's counsel, do not conflict with the views herein expressed. The points of difference between Setter's Admr v. City of Maysville and Louisville Home Telephone Co. v. Gasper, supra, and between Setter's Case and the instant case, are fully shown in Louisville Home Telephone Co. v. Gasper. It seems to be conceded by appellant's counsel that the instructions given by the trial court are unobjectionable, if the case should have gone to the jury at all. No complaint can be made as to the amount of the verdict. Ninety dollars of it was allowed as the actual cost of repairing the automobile, and $200 for the injuries sustained to appellee's person.

For the reasons indicated the judgment is affirmed.