## Illinois Central Railroad Company v. Ruoff.

(Decided January 19, 1911.)

### Appeal from McCracken Circuit Court.

1. Actions for Personal Injuries—Evidence.—Upon this appeal from a judgment awarding appellee $400.00 for personal injuries, the only ground urged for a reversal is that the verdict is contrary to and

not supported by the evidence, but as there was some evidence to support appellee's cause of action, the case was properly allowed to go to the jury, and there being no error on the part of the trial court prejudicial to the rights of appellant, the verdict cannot be disturbed.

2. Same—Negligently Inviting One Into Situation of Danger.—One after negligently inviting another into a situation of dager, had no right to inflict upon such person injury to extricate her from such danger.

WHEELER & HUGHES, C. L. SIVLEY and TRABUE DOOLAN & COX for appellant.

MILLER & MILLER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment entered in the court below upon a verdict awarding appellee $400.00 damages for personal injuries, caused, as alleged, by the negligence of appellant.

The only ground urged by appellant for a reversal is that the verdict is contrary to and unsupported by the evidence. It appears from the evidence that as appellee, who resides in McCracken County a short distance from the city of Paducah, was driving home in a buggy accompanied by her daughter and grand-daughter, she had to leave the city by way of Tennessee street which crosses, within the city limits, two main tracks of appellant's railroad; the crossings are 490 feet apart and at each of them appellant maintains gates operated by one of its servants stationed in a tower on the side of Tennessee street midway between the crossings. Near the second crossing Tennessee street contains a short fill somewhat narrower than the street; the fill is protected on each side by a substantial railing and on the outside of each railing is a ditch, several feet in depth, extending a little beyond the fill at either end. After passing the first crossing on Tennessee street appellee and those with her in the buggy approached the second with the view of driving over it if the way was clear, but finding the gates down, they stopped and waited for them to be raised. At that time a switch engine was moving on the railroad track. The lowering of the gates caused other vehicles to stop in the street; some of them on the side of the crossing where appellee's buggy was waiting, others on the opposite side and beyond the railroad track. The many vehicles thus brought to a stop by the lowered gates, filled the street. At this time between

appellee's horse and the crossing were the buggy and horse of one Ford and wife, and beside and behind her, other horses and vehicles.

While the street was thus jammed by the waiting vehicles the gate man raised the gates about the same time the switch engine, which had a moment before passed the gates, came immediately back toward the crossing under full steam, seeing which the gate man suddenly lowered the gates again. During the brief interval that the gates were thus elevated, the waiting horses and vehicles in the street on either side thereof were started across the railroad track by their owners; one of them succeeded in getting across the railroad track, but the others failed to do so, yet were so near the track that some of them had to be backed from under the descending north gate to avoid being struck by it or the approaching engine. Among them was Ford, who in restraining his horse, backed his buggy against the horse of appellee and she in turn backed her buggy with such force against the horse and vehicle of Mrs. Crutcher in her rear, as to cause a shaft thereof to penetrate the back of appellee's buggy, throw Mrs. Crutcher out of her vehicle, and appellee's buggy and its occupants from the fill into the ditch; by which means her injuries, which were of a serious character, resulted.

It was charged in the petition that the injuries of appellee, thus received, were caused by the negligence of appellant's servants operating the engine and that of its gate man in operating the gates. The evidence is not sufficient to show negligence on the part of those in charge of the engine; it seemed to explain the necessity of the engine's movements and failed to show that they were accompanied by any unusual noise. But there was some evidence conducing to prove negligence on the part of the gate man, for he raised the gates before the engine, after passing the crossing, had reached a point from which it could not have returned to the crossing, before the persons waiting to pass over the track could have done so in safety; and by elevating the gates under these circumstances he invited them to go upon the crossing when it was not safe for them to do so, upon which invitation they had the right to rely.

In lowering the gate when he saw the engine returning he was not guilty of negligence, for that was the only means he could employ to prevent appellee and others in the street from getting on the railroad track in the way of the engine. In such an emergency it was his

duty to lower the gate, but his negligence in previously raising it and thereby inviting appellee and others in the street to venture upon the crossing when he knew, or by the exercise of ordinary care could have known, it was not safe for them to do so, was the proximate cause of the injuries she sustained by his lowering of the gate; therefore, appellant will not be excused because the act of its servant in lowering the gate protected her from the greater injuries she might have sustained from collision with the engine. In other words, appellant's servant, after negligently inviting appellee into a situation of danger, had no right to inflict upon her injury to extricate her from such danger.

In L. & N. R. R. Co. v. Eckman, 137 Ky., 331, it appeared that an automobile was driven on a railroad track because the gates at the crossing were negligently left open, and after doing so was stopped for a train on another track to pass in front of it, which by its vibrations started the automobile down a slight grade and caused it to run into the train, thereby injuring the machine and its owner; we held that the negligence of the railroad company in keeping open the gates, when they should have been closed, was the proximate cause of the injuries.

In the case at bar the act of appellant's servant in lowering the gate, though necessary, was merely an intervening cause in producing appellee's injuries.

"It is well settled that the mere fact that there have been intervening causes between the defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say the plaintiff's injuries, may yet be natural and proximate in law, although between the defendant's negligence and the injuries other causes, conditions or agencies, may have operated; and when this is the case, the defendant is liable. So, the defendant is clearly responsible where the intervening causes, acts or conditions were set in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is generally held, if the intervening acts or conditions were of a nature, the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself. An act or omission may yet be negligent, and of a nature to charge the defendant with liability, although no injuries would have been sustained but for some intervening cause." 21 Am. & Eng. Ency.

of Law, (2nd Ed.), 490; Louisville Home Telephone Company v. Gasper, 137 Ky., 331.

Following a denial of the acts of negligence charged in the petition, the answer alleged in substance that appellee's injuries were caused by her contributory negligence and the unruliness of her horse. The evidence introduced by appellant to prove that the animal was not gentle or safe, and that he became frightened or was by the negligence of appellee, in pulling on the bit, made to throw the buggy into the ditch, all went, together with that of appellee to the jury. As said in L. & N. R. R. Co. v. Eckman, supra:

"It is not the province of this court to declare what witness or number of witnesses, should have been believed by the jury, or in whose favor the evidence as a whole preponderates, nor could the fact that a jury accepts the testimony of two witnesses, or even one, as against that of a greater number of opposing witnesses, justify this court in setting aside the verdict on the ground of its being flagrantly against the evidence. Our duty goes no farther than to determine whether there was evidence to support the verdict, and our decision of that question is not to be controlled by our opinion as to whether the verdict is in accordance with or against the weight of the evidence."

It is, therefore enough for us to say there was some evidence to support appellee's cause of action; and this being true, the case was properly allowed to go to the jury, whose verdict we are not at liberty to disturb in the absence of error on the part of the trial court prejudicial to the substantial rights of the appellant, and it has failed to indicate any such error.

The instructions are admitted to be correct, and no cause being shown for reversing the judgment, it is hereby affirmed.