## Tyler v. First National Bank of Winslow.

(Decided November 13, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Bills and Notes—Alteration of Note—Evidence—Question of Fact.—As a defense to an action upon a note, it is insisted that "Pt.," (abbreviation for president) was added to the name of the

payee in the body of the note after its execution and delivery. If true this was such a material alteration of the note as would have operated to discharge the makers, especially the appellant, as surety, from liability, if the alteration was without their knowledge or consent, but the issue as to the alteration is one of fact which the jury alone had the right to determine, and their finding will not be disturbed, as it cannot be said to be flagrantly against the evidence.

2. Instructions—Rejection of Instruction Not Prejudicial When Embraced in Instructions Given.—The instructions are substantially correct and presented all the law applicable to the issues of fact, and appellant cannot complain of the refusal of the court to give an instruction, which, while correctly stating the law, was embraced in the instructions given by the court.

TRABUE, DOOLAN & COX for appellant.

J. C. DODD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee, First National Bank, of Winslow, State of Indiana, brought suit in the court below on the following note:

"Louisville, Ky., July 15, 1909.

"$2,000.00.

"Four months after date, for value received, we or either of us promise to pay to the order of Joel Bailey, Pt., two thousand no 100 Dollars; negotiable and payable at the Continental Bank, of Louisville, Ky. And all the parties herewith waive protest, notice of protest, demand and notice of non-payment of this paper, if not honored at maturity. Interest after maturity until paid.

"C. W. DIERUF,
"OWEN TYLER, Surety."

It appears from the averments of the petition, an entry on the back of the note, signed, "Joel Bailey, Pt. by G. A. Hurst, Cashier," and from the evidence as well, that it was endorsed to and became the property of the appellee.

Joel Bailey is the president of the First National Bank of Winslow; also of the Exchange Bank and the Evansville Security Company; the first being located at Winslow, Indiana and the last two at Evansville in the same State. G. A. Hurst is the cashier of the First

National Bank of Winslow. When executed the note was mailed by the principal, Dieruf, to Joel Bailey, at Evansville, Indiana, and it was not paid at maturity. On the trial in the court below a verdict was returned in favor of appellee against the makers for the amount thereof and interest. This appeal is prosecuted by the surety, Owen Tyler, from the judgment entered upon that verdict.

The makers of the note filed separate answers each setting up the same defense. As Dieruf does not join in this appeal, further notice of what is contained in his answer is not required, but that of the appellant, Tyler, as amended, after setting up his suretyship on the note, contains the following averments:

"That at the time this defendant signed said paper, (the note sued on) same was by its terms made payable to Joel Bailey as an individual merely and not as president of the plaintiff, and that the plaintiff was in no way known to this defendant in connection with said transaction, and the abbreviation, "Pt." now appearing in the body of said note after the name, Joel Bailey, upon which the plaintiff now relies to show the obligation payable to itself, did not appear in said note at the time same was signed by this defendant and by said C. W. Dieruf, or at the time same was delivered to the said Joel Bailey, and the said abbreviation or designation, "Pt." was added to said note after the name of the payee, Joel Bailey, appearing therein, by the plaintiff herein, or at its instance by one of its officers, agents or employes, and such addition was made after said note had been signed and delivered by the defendants herein and especially after same had been signed and delivered by this defendant and without the knowledge or consent of this defendant, and in like manner the endorsement appearing on the back of said note as 'Joel Bailey, Pt. by G. A. Hurst, Cashier' was made after the execution and delivery of said note and was made not by said Joel Bailey, but by the cashier of the plaintiff."

It was further, in substance, alleged in the answer that the letters, "Pt." added to the note are an abbreviation of and intended for the word president, and constituted a material alteration thereof, which effected a complete change in the payee of the note and operated, in law, to discharge the makers, especially the appellant, Tyler, as surety, from liability thereon.

The reply filed by appellee denied that there had been any alteration in the note after it was signed by the makers, alleged that it was executed to Joel Bailey as president of the appellee bank and was so understood by the makers, and, that, when received by Bailey, as president, it contained the letters, "Pt." following his name as they now appear therein. The reply contains the further averment that the note was sent by the makers to Bailey, as president, of the First National Bank, of Winslow, to be discounted by him for them and the proceeds used in paying another note of the same amount, which they were owing to the Farmers National Bank, of Wadesville, Indiana; that Bailey upon receiving the note discounted it in the First National Bank, of Winslow, as requested, and applied the proceeds to the payment of the $2,000.00 note in the Farmers National Bank, of Wadesville, as directed.

It was urged by appellant on the motion for a new trial, and now argued by his counsel, as grounds for the reversal of the judgment; (1) that the verdict of the jury was not sustained by sufficient evidence; (2) that the trial court erred in refusing an instruction offered on behalf of appellant and in giving the instructions which were submitted to the jury.

It was conceded by appellee on the trial in the court below (and such is the law), that if the letters "Pt." were added to the body of the note after it was signed by the makers, the alteration was a material one, and operated to release appellant from liability on the note, if the alteration was made without his knowledge or consent. Section 125, article 8, Negotiable Instruments Statute (Laws 1904, chapter 102), declares what changes in or additions to a note will constitute a material alteration: "Any alteration which changes (1) the date, (2) the sum payable, either of principal or interest, (3) the time or place of payment, (4) the number or the relations of the parties, (5) the medium of currency in which payment is to be made, or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

Section 124, article 8, declares the effect of a material alteration:

"Where a negotiable instrument is altered without the assent of all parties liable thereon it is avoided, ex-

cept as against the party who has himself made, author-ized or assented to the alteration, and subsequent en-dorsers.    *    *    *,"

In Jackson v. Cooper, 18 R., 9, it was held that the addition to the instrument of the word, "guardian," after the name of the payee therein, was a material alteration.

In Hodge v. Farmers Bank, 34 N. E., 123, the addi-tion of the word "cashier," after the name of the payee in the note, was held to be a material alteration.

In the case of Springfield Bank v. Fricke, 75 Mo., 178, it was held that the addition of the letters "Presdt," after the name of the payee in the note, was a material alteration.

The question to be determined here is were the let-ters, "Pt." in the body of the note when signed by ap-pellant, or inserted in it, without his knowledge or con-sent, after it was signed by him? As to this question there is a contrariety of evidence.

Appellant and Dieruf testified that the letters "Pt." following the name of Joel Bailey were not in the note at the time it was signed by them and mailed to Bailey at Evansville. Two experts, Van Antwerp and Rose, who made an examination of the paper under a micro-scope, testified that, in their opinion, the letters, "Pt." were written with a different ink from that used in writ-ing the remainder of the note. Van Antwerp also stated it as his opinion that the letters, "Pt." were written by G. A. Hurst, who admittedly wrote the words, "Joel Bailey, Pt." in the endorsement appearing upon the note. Rose expressed the opinion that there was a simi-larity in the letters, "Pt." in the body of the note and the words, "Joel Bailey, Pt." in the endorsement writ-ten by Hurst.

Joel Bailey testified in behalf of appellee that the note when received by him was in all respects as it ap-peared on the trial; that it then contained the letters "Pt." following his name in the body of the note; that these letters were not added to the note by himself or Hurst, and that if the alteration was made by anyone after the note left the hands of the makers it was with-out his, Bailey's knowledge or consent.

G. A. Hurst, cashier of the appellee bank, admitted that the endorsement on the note, "Joel Bailey, Pt." was written by him when the note became the property

of the bank, but positively stated that the letters, "Pt." appearing in the body of the note, following the name Joel Bailey, were not written there by him but were in the note when it was received by Bailey and when he, Hurst, first saw it.

E. W. Rust, an employe of the appellee bank, testified that the note when received by Bailey and endorsed to appellee, was in all respects as it appeared on the trial.

Samuel Cassaday, President of the National Bank of Commerce, of Louisville, Kentucky, through which the note was sent by appellee for collection, testified that he had numerous interviews with Dieruf and the appellant Tyler, after the note was received by his bank for collection; that he repeatedly exhibited the note to both of them, that it was read by them, and that neither of them made any claim to him that the letters, "Pt." had been added to the body of the note following the name of Joel Bailey, after they had signed it; moreover, that the appellant, Tyler, acknowledged his liability upon the note but importuned the witness to make Dieruf pay it, and witness did, pursuant to this request, undertake to get Dieruf to pay or arrange the note so as to save Tyler from loss. Cassaday also testified, speaking from an experience of forty-six years in the banking business, that there was nothing on the face of the note or in the handwriting thereon to indicate that there had been any alteration of it.

From what we have said of the evidence it is apparent that that introduced in appellant's behalf strongly conduced to prove that the note had been altered, in the particular claimed, after its execution by the makers. On the other hand, that of appellee conduced to prove that there had been no alteration in the note after it left the hands of the makers. The issue, therefore, was one of fact which the jury alone had the right to determine. As said in L. & N. R. R. Co. v. Eckman, 137 Ky., 331:

"It is not the province of this court to declare what witness or number of witnesses should have been believed by the jury, or in whose favor as a whole the evidence preponderates; nor would the fact that the jury accepted the evidence of two witnesses, or even one, as against that of a greater number of opposing witnesses, justify this court in setting aside the verdict on the

ground of its being flagrantly against the evidence. Our duty goes no further than to determine whether there was evidence to support the verdict, and our decision on that question is not to be controlled by our opinion as to whether the verdict is in accordance with or against the weight of the evidence." L. & N. R. R. Co. v. Guttman, 148 Ky., 235; L. & N. R. R. Co. v. Mitchell, 87 Ky., 337; Thompson v. Thompson, 93 Ky., 437; Lynch v. Sneed, &c., 132 Ky., 241; Polly's Exr. v. City of Covington, 10 R., 361; Bell v. Keech, 80 Ky., 42; L. & N. R. R. Co. v. Daniel, 131 Ky., 692.

We must understand from the verdict that the jury gave greater credence to the testimony of appellee's witnesses than to that of appellant's witnesses, and the meaning of the verdict is, that in their opinion there was no alteration of the note after its execution, and that the letters, "Pt." appearing in the body thereof, were there when the makers signed it.

As we cannot say that the verdict is flagrantly against the evidence, it must be accepted as conclusive of the issue of fact it determined and should not, therefore, be disturbed unless the trial court erred in instructing the jury.

In considering the instructions it should be kept in mind that the recovery upon the note was resisted by both Dieruf and the appellant on one and the same ground, namely: that each of them had been released from liability thereon because of the material alteration thereof after its execution and delivery to the payee. In view of this situation, we are unable to discover any ground for appellant's complaint as to the connection of his name and defense with that of Dieruf's in the instructions.

In language and meaning they advised the jury that their verdict should be for the plaintiff in the sum of $2,000.00, the amount of the note sued on, with interest from its maturity, unless they believed from the evidence that the note, after its execution and delivery by the defendants, Dieruf and Tyler, to the payee, Joel Bailey, was, without their knowledge or consent, changed or altered by adding the word or abbreviation, "Pt." after the name of Joel Bailey in the body of the note. But if they believed from the evidence that the note was changed or altered in the manner mentioned, without the authority, knowledge or consent of the defendants,

Dieruf and Tyler, and after it had been signed and delivered by them to Joel Bailey, then the law was for the defendants and the jury should so find.

In yet another instruction the jury were further told that if they believed from the evidence that the alteration in the note, if they found it was altered, was made by the authority or with the knowledge or consent of either one of the defendants, then the jury should find for the plaintiff, as indicated in the first instruction, as against that defendant.

We think the instructions, in substantially correct terms, presented for the guidance of the jury all the law applicable to the issues of fact they were called upon to decide.

Appellant complains of the refusal of the trial court to give the following instruction asked in his behalf by his counsel:

"The court instructs the jury that if they believe from the evidence that the note sued on in the petition herein, was changed or altered after it was executed and signed by the defendant, Owen Tyler, by adding the word or abbreviation, 'Pt.' after the name of Joel Bailey in the body of said note, and that such change or alteration was made without the knowledge or consent of the defendant Tyler, the law is for said defendant Tyler, and the jury shall find a verdict in his favor."

We think this instruction correctly states the law, and it might properly have been given, but its rejection was not prejudicial error, as substantially all that it contained was embraced in the instructions given by the court.

The record failing to furnish any sufficient cause for disturbing the verdict it is affirmed.