IN RE ESTATE OF ZERKLE.

(No. 2804—Decided November 23, 1941.)

*Mr. Harold Tetlow,* for appellant, Harry R. Vaughn.
*Messrs. Mitchell & Mitchell,* for appellee, Richard
E. Vaughn, executor.

CARTER, P. J. The issue presented to the lower court
and to this court for determination is whether a debtor
living with five illegitimate minor children, all under
the age of fifteen years, is entitled to homestead exemp-
tion under the statutes of the state of Ohio.

The agreed statement of facts discloses the follow-
ing:

"The applicant, Richard E. Vaughn, executor of the
will of Ida May Vaughn Zerkle, on September 19, 1940,
secured a judgment against Harry R. Vaughn and
James Zerkle in the Probate Court of Columbiana
county, Ohio, in the amount of $3080, and costs; there-
after, a certificate of judgment was issued by the Pro-
bate Court of Columbiana county and filed with clerk
of courts of Mahoning county, Ohio, upon precipe be-
ing filed therefor a writ of execution was issued to the
sheriff of Mahoning county, Ohio, who levied upon cer-
tain real estate of the judgment debtor, Harry R.
Vaughn, situate in Beaver township in said county.
The writ of execution was returned by the sheriff ac-
cording to law. An order of sale for said real estate
was thereafter issued to the sheriff and, pursuant to
said order of sale, said real estate was appraised and

duly advertised for sale. Prior to the date of the sale, the judgment debtor, Harry R. Vaughn, made application to the sheriff of Mahoning county to set apart for him, a homestead from the property levied upon. The appraisers were of the opinion that said property could not be divided without manifest injury and inconvenience, and in lieu of setting aside a homestead, said appraisers set a yearly rental of $125 upon said property, pursuant to General Code 11735. Immediately thereafter, Richard E. Vaughn filed an application in this court to set aside the proceedings of the sheriff and requested an order finding that Harry R. Vaughn is not entitled to a homestead exemption, upon the basis that he does not qualify within the meaning of the statutory provisions governing homestead exemptions.

"Harry R. Vaughn is not now and never has been married. He resides upon the property levied upon, with five minor children under the age of fifteen years, three of whom are boys and two are girls, and all of whom are his children, born out of wedlock. The mother of said children is one Rose Lester who is married and whose husband resides in Pennsylvania.

"The sole question for this court's determination is as to whether, under these facts, Harry R. Vaughn is entitled to a homestead exemption. The judgment debtor, Harry R. Vaughn, does not own any other real estate than the parcel levied upon."

The lower court held in the negative. Appeal is prosecuted to this court from that finding, it being the claim of appellee that appellant does not qualify under the provisions of Section 11730 of the General Code, in that appellant is not living with a wife, is not a widower living with an unmarried daughter or unmarried minor son. It is true appellant is not living with a wife, neither is he a widower living with an unmarried daughter or unmarried minor son, as it is stipulated that appellee is not now and never has been married. Section 11730 provides in part:

"Husband and wife living together, a widow or a widower living with an unmarried daughter or unmarried minor son, may hold exempt from sale on judgment or order, a family homestead not exceeding one thousand dollars in value."

Section 11734 provides in part:

"On application of the debtor, his wife, agent, or attorney, before sale, if such debtor has a family, and if the lands or tenements about to be levied upon, or any part or parcel thereof, constitute their homestead, the officer executing a writ of execution founded on a judgment or order, shall cause the inquest of appraisers, upon their oaths, to set off to such debtor, by metes and bounds, a homestead not exceeding one thousand dollars in value."

However, courts have construed these sections rather liberally. In the case of *Dittey* v. *Ellifritz,* 8 C. C., 278, 4 C. D., 465, the court held that, unless judicially separated, husband and wife are living together in the eyes of the law. Strictly speaking, they are not living together when they are living separate. In the case of *Weber* v. *Beier,* 14 C. C., 277, 7 C. D., 381, the court held that a husband living with minor children, his wife having left him, is entitled to homestead under Section 5435, Revised Statutes (now Section 11730, General Code). Certainly under these circumstances he is not a widower. Nevertheless the court held he was entitled to homestead exemptions. In the case of *Kunkle* v. *Reeser,* 5 N. P., 401, 5 O. D. (N. P.), 422, the court held that a divorced man is a widower and is entitled to exemptions. However, assuming that Section 11730 does not include appellant does Section 11734, General Code, allow exemption to him? If Section 11734 stood alone there could be no question that if a debtor has a family he would be entitled to homestead exemption. The confusion arises from the provisions of Section 11730, General Code. In other words, are the provisions of Section 11730 exclusive? If so, then Section

11734 is entirely useless and superfluous. We think this is not the case. It is our view that Section 11730 enlarges and does not restrict the provisions of Section 11734, General Code, in that those entitled to exemption under Section 11730 might not be considered as one having a family under the provisions of Section 11734, for as said by the Supreme Court in *In Matter of Estate of Hinton,* 64 Ohio St., 485, at page 491, 60 N. E., 621:

"A man may die leaving a widow or child, and yet not be a man having a family as the word family is usually understood."

As said by the court in the case of *Weber* v. *Beier, supra,* at page 284:

"By Section 2 of this act, it was provided that any debtor might make a demand for a homestead, 'and if such debtor have a family, and if the lands or tenements about to be levied on, or any part or parcel thereof, shall be the homestead thereof, the officer shall cause the homestead to be set off.' That is to say, that section of itself gave power to the sheriff, without any previous provision of the statute, to award or set off to the head of a family a homestead. And the matter remains, in our judgment, in this shape * * *."

We might suggest that the court in this case rendered an excellent dissertation on the history of Ohio homestead exemption statutes. If the observations made by the court in *In Matter of Estate of Hinton, supra,* are correct, then it is quite clear that the Legislature intended under the provisions of Section 11730 to enlarge the definition of family to include husband and wife living together, a widow, or widower living with an unmarried daughter or unmarried minor son entitled to exemption although not strictly classified as a family under the provisions of Section 11734. Certainly the Legislature did not intend that Section 11730 was exclusive; that is, that the only ones who could claim exemption were those enumerated in Section

11730. The Legislature certainly intended under the provisions of Section 11734 that any one who had a family was entitled to homestead exemption. The Legislature must have had different situations in mind when it enacted each of these sections. In so construing the intent of the Legislature both sections become effective. In other words, under Section 11730 the Legislature provided that husband and wife living together, or widow, or widower living with an unmarried daughter or unmarried minor son was entitled to a homestead exemption regardless of whether such classification came within the designation of family under the provisions of Section 11734.

Another question has been raised by appellee, in this, that, even though Section 11734 does give a homestead exemption to a debtor who has a family, appellant does not have a family entitling him to exemption for the reason that these five minor children are illegitimate. Appellee cites *Moore* v. *Baughman,* 7 N. P., 149, 8 O. D. (N. P.), 396, and *Peerless Pac. Co.* v. *Burckhard,* 90 Wash., 221, 155 P., 1037, as supporting this claim. However, we find cases holding to the contrary, to wit, *Bell* v. *Keach,* 80 Ky., 42; *Lane* v. *Philips,* 69 Tex., 240, 6 S. W., 610; and *Ellis* v. *White,* 47 Cal., 73, which we conclude contains the better reasoning.

The record discloses that appellant is the father of these illegitimate children; that they are living with him on the property in question as their homestead; and that he is supporting them. It might be further observed that not only is it appellant's moral duty to support these illegitimate children, but that he is required to do so under the provisions of Section 13008, General Code.

It is our conclusion that, in view of the humane provisions of our exemption statutes and as a matter of public policy and construing these sections in the light of that policy, appellant is entitled to homestead exemption in that he has a family and is included

within the provisions of Section 11734, General Code.

The judgment of the Common Pleas Court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

PHILLIPS and NICHOLS, JJ., concur.