**Raymond BAYS et al., Appellants,**

**v.**

**James MAHAN et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1962.

F. Byrd Hogg, Whitesburg, for appellants.

Harry M. Caudill, Whitesburg, for appellees.

MONTGOMERY, Judge.

The sole question to be decided is whether an aged mother living in the home of her son and depending on him for her support is considered a part of his "immediate family" for the payment of burial benefits under a burial plan insurance contract. The trial court denied the benefits. Motion for an appeal has been sustained.

The appellees are the representatives of the Hendrix Burial Plan, an unincorporated association formed in 1949 by the employees of the Hendrix Mine in Letcher County. Raymond Bays and Isadore Brown, appellants, have been members of the Plan since 1950.

Kate White, Bays' aged mother, had lived in his household and had been dependent solely on him for her food, clothing, and

shelter from 1946 until her death on December 17, 1959. Louise Brown Barty, Brown's aged mother, had lived with him under similar circumstances for two and one-half years prior to her death on August 2, 1960.

The bylaws of the association provided for payment of $750 for burial expenses and $15 for flowers for each of its members and each member of his "immediate family." Appellees contend that such benefits are limited to the member, his wife, and children, natural and adopted.

The purpose of such association is to spread the burden of a death loss among the members so that the financial consequences will not be a hardship. The payment of the burial expenses of an aged mother under the circumstances is consistent with such purpose.

The term "immediate family" as used here has not been defined. Appellees argue that the Burial Plan agreement was drawn up without benefit of legal counsel and that the words used had an accepted meaning in the lay mind. Two common and fundamental rules of construction of contracts are that words shall be accorded their ordinarily used meaning unless the context requires otherwise and a contract shall be construed more strongly against the party who prepared it. Citation of authority is unnecessary.

It is then argued that the preparers of the Plan intended to benefit the member, his wife, and children by the use of the phrase "immediate family." It seems more reasonable to assume that they would have said "wife and children" and that by the convenient use of the phrase, "immediate family," they intended to cover a group with varying degrees of relationship in order to avoid listing the various relationships covered. Further, it is argued in favor of the restricted definition that unless the payment of benefits is so limited the Association will become bankrupt. This is an economic argument without legal force.

The word "family" has a well-defined meaning under the homestead and exemption statutes. In Bell v. Keach, 80 Ky. 42, 3 Ky.Law Rep. 520 and 653, Chief Justice Lewis said:

"In legal contemplation, whomsoever it is the natural or moral duty of the debtor to support, or is dependent upon him for support, may be considered and treated as a member of his family. Accordingly, it has been consistently held that the infant brother or sister, or aged and helpless parent of the debtor, may constitute a family in the meaning of the law. * * *"

In that case a woman who had been living with a man for twenty years without benefit of clergy and their minor child were held to constitute his family. The same definition had been given earlier. McMurray v. Shuck, 69 Ky. (6 Bush.) 111, 99 Am. Dec. 662; Brooks v. Collins, 74 Ky. (11 Bush.) 622. It is well established. Owens v. Altsheller & Co., 263 Ky. 727, 93 S.W.2d 844. In addition to the moral obligation, there is a legal duty of a child to support an indigent parent. KRS 405.080. Recently the phrase "immediate family" was defined as those members of the same household who are bound together by ties of relationship. Cincinnati, Newport & Covington Ry. Co. v. Peluso, Ky., 293 S.W.2d 556.

Considering these guides, there is little difficulty in arriving at the conclusion that an aged mother living with and dependent on her son for her support is a member of his "immediate family" as much as a wife or child. In fact, it would be hard to say that a child is a member of a parent's immediate family and then say that a parent living with a child is not a member of the child's immediate family. The Court is aware that decisions pro and con from other jurisdictions may be found, but it feels that common sense and the long-established definition of "family" dictate the conclusion reached.

Judgment reversed.