Joseph J. Golden, Louisville, Ky., for plaintiff.

Charles W. Hebel, Jr., Louisville, Ky., for defendant.

In re GMD ENTERPRISES, INC. d/b/a Fisherman's General Store, Debtor.

GMD ENTERPRISES, INC., Plaintiff,

v.

BURNETT BROTHERS INVESTMENT, Edwin D. Burnett, Forrest D. Burnett, Defendants.

Bankruptcy No. 3-85-01689.

Adv. No. 3-86-0010.

United States Bankruptcy Court, W.D. Kentucky.

May 9, 1986.

## MEMORANDUM-OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court for a determination of the rights of the debtor and the creditors, Burnett Brothers Investment, Edwin D. Burnett, and Forrest D. Burnett (hereinafter Burnett), flowing from a Lease Agreement and an Agreement both dated March 17, 1982.

At issue is whether these documents constitute one unified executory contract between the parties, i.e. whether a breach of the Agreement under its terms likewise constitutes a material breach of the Lease Agreement, thereby authorizing Burnett to declare the Lease Agreement in default and terminated.

The debtor, by counsel, acknowledges that the Agreement is in default and does not here challenge Burnett's right to terminate same. The debtor does allege, however, that the Lease Agreement is a separate and distinct executory contract subject to assumption under the provisions of 11 U.S.C. Section 365, is not now in default, and specifically elects to assume this Lease Agreement as part of his reorganization plan under Chapter 11. Burnett, by counsel, acknowledges that the payments denoted as rent under the Lease Agreement are current, but insists that the admitted default by debtor of the Agreement is sufficient to nullify the relationship, arguing

that there exists but one indivisible executory contract.

Here the debtor seeks to assume that contract now current by its terms while rejecting the contract admittedly in default. Since it is well-settled that an executory contract cannot be assumed in part and rejected in part, *See, Lee v. Schweiker*, 739 F.2d 870, 876 (3rd Cir.1984), this court must determine whether the Lease Agreement and Agreement constitute, in fact, and law one unified contract.

A review of the documents denotes that the debtor under the purpose and usage of the Lease Agreement is authorized to sell gasoline and related petroleum products. It further provides, however, that such products must be purchased from the lessor, Burnett, or merchandised on consignment from Burnett. Rental and other lessee responsibilities are set forth in the Lease Agreement under numerical paragraphs 1 through 22 and such numerical paragraphs fail in any respect to further reference the purchase or sale by lessee of gasoline or petroleum products or to incorporate by reference the Agreement. Thus, under this Lease Agreement, the lessee has the right under certain restrictions to purchase and sell such products but not the duty. By contrast, the Agreement in specific detail denotes the rights and responsibilities of the debtor and Burnett in the purchase, maintenance, financial considerations, remittances, default, term, audit access and reports relative to the storage and dispensing equipment and the purchase of gasoline. It is further noted that the default clause of the Agreement specifically includes failure by the debtor to remit payment of sums due Burnett under the terms thereof. The default provisions of the Lease Agreement, by contrast, provide that the lease, at the option of the Landlord (Burnett), shall be void and forfeited in case of any violation or nonpayment of rent or violation of Paragraphs 1, 2, and 4 (not here applicable) if not cured within the time period denoted in Paragraph 8 thereof.

It is well-settled under applicable contract law that any ambiguity in the contract is to be construed against the preparer thereof, which in the instant case was Burnett, and further, that specific terms are to prevail over those more general in scope. *Bays v. Mahan*, 362 S.W.2d 732, 733 (Ky.1962); *International Union of Operating Engineers v. J.A. Jones Const. Co.*, 240 S.W.2d 49 (Ky.1951).

In the instant case, the debtor's purpose and usage rights contained in the Lease Agreement are restrictive of his rights of enjoyment during the lease term, and such rights expressly granted recognize legitimate activities without compelling the lessee to engage in every usage permitted thereunder.

Accordingly, and for the above denoted reasons, the court does hereby find that the Lease Agreement and Agreement, both dated March 17, 1982, are separate executory contracts and each are subject individually to the debtor's elective remedies and responsibilities as more particularly set forth in 11 U.S.C. 365.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.

A separate final order will be entered this date.