**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 21 2014, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**GREGORY S. CONDRA**
Condra Law Firm, PLLC
Louisville, Kentucky

ATTORNEY FOR APPELLEE:

**GARY SILLETTO**
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

VPR PROPERTIES, LLC and PURNA VEER
and RADHIKA VEER,

    Appellants,

        vs.

AFFILIATED FOOT CARE CLINIC, PC,

    Appellee.

)
)
)
)
)
)  No. 10A04-1304-PL-177
)
)
)
)
)

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
The Honorable Kenneth R. Abbott, Magistrate
Cause No. 10C04-1202-PL-13

**January 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

VPR Properties, LLC, Purna Veer, and Radhika Veer (collectively, "VPR") appeal the trial court's judgment in favor of Affiliated Foot Care Clinic, P.C. ("Affiliated"), after Affiliated filed a breach-of-contract action against VPR, because VPR agreed in the lease not to place a retail business in space adjoining Affiliated's leasehold and subsequently rented space to a liquor store, which was separated from Affiliated's leasehold by an unrentable 521 square-foot hallway.

We affirm.

## Issue

VPR raises one issue on appeal, which we restate as whether the trial court erred in construing, under Kentucky law, the term "adjoining" in the lease between VPR and Affiliated.

## Facts and Procedural History

Affiliated and VPR entered into an agreement ("the Lease") on October 28, 2008, under which VPR agreed to lease to Affiliated office space and examination rooms in the Hunter Station strip shopping center ("Hunter Station"). Paragraph 20 of the Lease provided, "Landlord agrees not to lease adjoining space to any retail establishment or to a MD Podiatrist or to a business like a nail salon or a dog groomer." (Ex. 1 at 5.) The Lease further provided that it would "be governed and construed in accordance with the laws of the Commonwealth of Kentucky," and included an integration clause. (Ex. 1 at 10.)

2

During the term of the Lease, a liquor store that was a tenant at Hunter Station experienced a fire. After this, VPR rented the liquor store another space in Hunter Station; this space was adjacent to Affiliated's leasehold, separated from Affiliated's space by an unrentable 521 square-foot hallway.

On February 9, 2012, Affiliated filed suit against VPR, seeking a judgment that VPR had breached the Lease by renting an adjoining leasehold to a retail business, by permitting the liquor store to pose a nuisance to Affiliated's quiet enjoyment of the leasehold, and by eliminating Affiliated's access to a handicapped-accessible restroom. On March 5, 2012, VPR answered the complaint and asserted counterclaims.

On July 19, 2012, VPR filed a motion for summary judgment, asserting that the liquor store was not, under the terms of the Lease, in space adjoining Affiliated's leasehold; that there was no evidence of nuisance; and that Affiliated was not legally entitled to use the handicapped-accessible restroom. On July 20, 2012, the trial court entered summary judgment against VPR and in favor of Affiliated on the question of whether VPR leased to a retail business the space adjoining Affiliated's leasehold, leaving open for trial the question of the damages to which Affiliated was entitled as a result of VPR's breach. (App'x at 7.)

On January 18, 2013, a bench trial was conducted. On March 13, 2013, the trial court entered judgment, reiterated its finding that VPR had breached the Lease, found that Affiliated was entitled to damages amounting to $10,256.22 plus costs and post-judgment interest, and entered judgment against VPR on its counterclaims.

This appeal ensued.

3

## Discussion and Decision

On appeal, VPR raises a single issue: whether the trial court erred in construing the term "adjoining" as used in the Lease and as governed by Kentucky law.

The trial court entered its judgment in the form of findings and conclusions. Our review of the record does not reveal that either party filed a corresponding written request for such an order, and thus the trial court's findings and conclusions were entered <u>sua sponte</u>. <u>See</u> Ind. Trial Rule 52. Our standard of review is thus well settled. In such cases:

> the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial. We apply the following two-tier standard of review to <u>sua sponte</u> findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

<u>Trust No. 6011, Lake Cnty. Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n</u>, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012) (citations and quotations omitted), <u>trans. denied</u>.

Here, the trial court determined that the liquor store adjoined Affiliated's leasehold. Because the Lease provided that VPR would not lease adjoining spaces to retail establishments, the court concluded that VPR's decision to rent space to a liquor store in the closest rentable space to Affiliated amounted to breach of the Lease. VPR contends that this is a misconstruction of the Lease under Kentucky law, because case law from Kentucky, which governs construction of the Lease, differentiates between the terms adjacent and

4

adjoining. Buchanan Coal Co. v. Manis, 245 S.W.2d 921, 923 (Ky. Ct. App. 1951) (stating that "[t]he words 'adjoining or adjacent' must be given some effect"). VPR argues that the liquor store is properly understood to be adjacent to, but not adjoining Affiliated's leasehold.

We think this issue is properly resolved through interpretation of the language of the Lease directly, without necessary reference to the definitions of adjoining and adjacent as set forth by case law. And because the parties agree Kentucky law applies, we use our sister State's principles of contract interpretation—which are substantially similar to our own—to address the matter.[1]

> It is … well settled that, "[i]n the absence of ambiguity a written instrument will be strictly enforced according to its terms." Further, "[a] contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent, yet reasonable, interpretations." Cantrell[ Supply, Inc. v. Liberty Mut. Ins. Co.], 94 S.W.3d 381, 385 (Ky. Ct. App. 2002); Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99, 105-106 (Ky. 2003). "[W]e are not permitted to create an ambiguity where none exists even if doing so would result in a more palatable outcome." First Commonwealth Bank of Prestonsburg v. West, 55 S.W.3d 829, 836 (Ky. Ct. App. 2000) citing Friction Materials Company, Inc. v. Stinson, 833 S.W.2d 388, 391 (Ky. Ct. App. 1992).
>
> Words are to be accorded their "ordinarily used meaning unless the context requires otherwise." Bays v. Mahan, 362 S.W.2d 732, 733 (Ky. 1962). "As a cardinal principle relating to the construction of a contract, it has long been recognized and held in this and other jurisdictions that where the instrument is so clear and free of ambiguity as to be self-interpretive, it needs no construction and will be performed or enforced in accordance with its express terms." Ex parte Walker's Ex'r, 253 Ky. 111, 68 S.W.2d 745, 747 (1933) (citations omitted). The only purpose of judicial construction is to remove

---

[1] While VPR argues that Kentucky law applies to construction of the Lease, we note VPR cites Kentucky law only for definitions of the terms adjacent and adjoining; it cites Indiana law for principles of contract construction. Indeed, the Buchanan Coal case regarding adjoining and adjacent, upon which VPR relies, resolves the dispute not based upon the strict meaning of the words, but upon "'the object sought to be accomplished'" by the use of those terms in an agreement. Buchanan Coal, 245 S.W.2d at 923. (quoting People ex. rel. Sackmann et al. v. Keechler et al., 62 N.E.2d 525, 527 (Ill. 1901)).

ambiguity and doubt and to make certain that which in itself is uncertain. Frear, 103 S.W.3d at 106.

New Life Cleaners v. Tuttle, 292 S.W.3d 318, 322 (Ky. Ct. App. 2009).

The operative provision in the Lease at issue here reads, "Landlord agrees not to lease adjoining space to any retail establishment or to a MD Podiatrist or to a business like a nail salon or a dog groomer." (Ex. 1 at 5.) Generally, to adjoin something means "to join or attach physically" to, "to lie next to," or to "be in contact with" another thing. Webster's Third New International Dictionary Unabridged 27 (2002). VPR argues that the presence of a hallway separating Affiliated's leasehold from that of the liquor store prevents the two spaces from adjoining.

Such a construction fails, however, to take fully into account the applicable provision of the Lease. VPR agreed not only to refrain from leasing adjoining space to retail businesses like the liquor store, but also to another podiatrist. That is, the Lease provision at issue expressed VPR's promise not to place next to Affiliated's leasehold either a competitor or other businesses that would be incompatible with the environment of a professional podiatric practice.

In context, the use of adjoining here is clear: Affiliated and VPR entered into an agreement whereby VPR would not place certain businesses in the immediately closest neighboring usable spaces to Affiliated's premises. The 521 square-foot hallway was not usable space, and the most immediate neighboring business in useful space to Affiliated within the Hunter Station building was thus the liquor store. To the extent that VPR argues that the narrow definitions of adjoining and adjacent in Kentucky case law—which even

6

VPR admits are dicta—should prevail, that argument improperly ignores the entirety of the applicable provision in the Lease.

Since VPR has raised no other question for our review, we find no error and affirm the trial court's judgment.

## Conclusion

The trial court did not err in its construction of the Lease when it concluded that VPR breached the Lease when it placed a liquor store in the most immediately adjacent rentable space in the strip shopping center. We therefore affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.